The State v. Schaffer.

STATE v. SCHAFFER.

1. **Criminal Law** : REASONABLE DOUBT : INSTRUCTIONS. The court, at the end of an instruction, otherwise unexceptionable, on the question of reasonable doubt, added these words : " If you are then not so satisfied and convinced of the defendant's guilt that you would act upon that conviction in matters of highest importance to yourselves, you should give the defendant the benefit of the doubt, and acquit ; if you are so satisfied, you should convict him.". *Held* that in these words there was no error. (*State v. Nash*, 7 Iowa, 347, and *State v. Ostrander*, 18 Iowa, 435, *followed ;* and *State v. Pierce*, 65 Iowa, 85, *distinguished.*)

2. **Keeping House of Ill Fame** : INDICTMENT : SURPLUSAGE : PROOF. The indictment in this case charged defendant with keeping a house of ill fame, to which he permitted persons to resort for purposes of prostitution and lewdness ; also that, at his solicitation and request, prostitution and lewdness were practiced in said house. *Held* that the latter allegation was mere surplusage, being only matter of evidence, which it was not necessary to prove.

3. ——: EVIDENCE TO SUPPORT VERDICT. The evidence justified the jury in finding that defendant's house was frequently resorted to by lewd women, who were there visited by men, but there was no direct evidence of lewd practices on the premises. Neither was there any direct evidence that defendant knew of the purposes of those who frequented his house, and he testified that he knew of no lewd practices there. But the jury were warranted in finding that he knew the character and reputation of the women whom he permitted to frequent the house. *Held* that this court could not set aside the verdict of guilty for want of evidence to support it.

4. Evidence: ERROR IN ADMITTING: CORRECTION BY INSTRUCTION. Error in admitting evidence is cured by an instruction taking it from the consideration of the jury.

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, SEPTEMBER 5, 1888.

THE defendant was convicted of the crime of keeping a house of ill fame, and sentenced to a term of imprisonment in the penitentiary, and he appeals.

*E. L. Burton,* for appellant.

*A. J. Baker,* Attorney General, for the State.

REED, J.—I. The district court instructed the jury that the defendant would be entitled to an acquittal, unless the evidence established the fact of his guilt to the exclusion of every reasonable doubt; also that, as the evidence relied on to establish the charge was circumstantial, they would not be warranted in finding the defendant guilty, unless the circumstances proven were wholly inconsistent with every other reasonable and probable theory except that of his guilt. The following instruction was also given: "A reasonable doubt is one which fairly and naturally arises in the mind after considering all of the evidence and carefully examining the whole case. If you are then not so satisfied and convinced of

1. CRIMINAL law: reasonable doubt: instructions.

defendant's guilt that you would act upon that conviction in matters of the highest importance to yourselves, you should give the defendant the benefit of your doubt, and acquit; if you are so satisfied, you should convict him." Exception was taken to the last two sentences of this instruction. In *State v. Nash*, 7 Iowa, 347, and *State v. Ostrander*, 18 Iowa, 435, however, instructions to the same effect were approved by this court, and the doctrine of the instruction has been the accepted rule on the subject in this state since the latter case was decided. But it was contended that the instruction was disapproved in *State v. Pierce*, 65 Iowa, 85. But the language of that opinion relied on was used merely by way of concession, for the purposes of the case. The effect of what is there said is that, if the true rule is as was contended by counsel, it was sufficiently expressed by the instruction under consideration when all of its language was considered. But we had no intention of overruling the former cases, and, when all of the instructions in the present case are considered, they are quite as favorable to defendant as was the charge in that case.

II.   It was charged in the indictment that defendant kept a house of ill fame, to which he permitted persons to resort for purposes of prostitution and lewdness; also that, at his solicitation and request, prostitution and lewdness were practiced in said house. Counsel for defendant requested the district court to instruct the jury that he could not be convicted unless this latter averment was proven, which the court refused to do, but told the jury that the proof would warrant a conviction if it showed that defendant's house was resorted to for the unlawful purposes alleged, with his knowledge and consent. This ruling is clearly correct. The offense consists in keeping a house resorted to for purposes of prostitution and lewdness. Code, sec. 4013. To render the keeper of a house guilty of the offense, he of course must have knowledge of the unlawful purposes of those who resort to it, and must consent to its use for those purposes. If the evil practices are carried on

2. KEEPING house of ill fame: indictment: surplusage: proof.

at his solicitation and request, this, of course, would show both knowledge and consent. Proof of such solicitation or request might be a means, then, of establishing one of the facts which the state is required to prove, but they are not an essential ingredient of the crime. The averment of solicitation and request was, as matter of pleading, mere surplusage. If the crime was otherwise established, it was not necessary to prove those facts, simply because they were alleged in the indictment. The case is not within the rule that, where the pleader has averred the facts constituting the offense with particularity, he will be required to prove them as alleged. The averment in question is not of facts constituting the crime, but is the allegation merely of evidence by which a material fact might be proven.

III. It was contended that the verdict is not supported by the evidence. The evidence justified the jury in finding that defendant's house was frequently resorted to by lewd women, who were there visited by men ; but there was no direct evidence that the parties were guilty of lewd practices on the premises. That fact can seldom be proven by direct evidence, and the inference drawn by the jury that such practices were there carried on is neither unreasonable nor unnatural, and we would not be warranted in disturbing their finding. Neither was there any direct evidence that defendant knew of the purposes of those who frequented his house, and he testified, in his own behalf, that he had no knowledge of any lewd practices having been carried on there. The jury, however, were warranted in finding that he knew the character and reputation of the women whom he permitted to frequent his house. They probably concluded, notwithstanding his positive denial, that he did know their purposes in going there, and that conclusion is reasonable. The question was largely as to the weight and credit which ought to be given to his testimony. The verdict is not so manifestly against the weight of evidence as to warrant us in interfering.

IV. A police officer who was examined as a witness

*8. ——: evidence to support verdict.*

testified to having arrested two women at defendant's house, and, against defendant's objection, was permitted to testify that the arrest was made on a charge of prostitution. It may be admitted that this evidence was incompetent. But the court subsequently, by an instruction, excluded it from the consideration of the jury. Defendant could not, therefore, have been prejudiced by its admission, and it affords no ground for the reversal of the judgment.

**4. EVIDENCE: error in admitting: correction by instruction.**

We have examined the whole record, and find no ground upon which the judgment can be disturbed.

AFFIRMED.