## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## MATTHEW RIDDICK v. CITY OF NEWPORT NEWS.

March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. INTOXICATING LIQUORS—*City Ordinance—Second Offense.*—A prohibition ordinance provided a penalty for any subsequent offense committed after the first conviction, which is not declared a felony by this ordinance. Where a person violated the ordinance for the first time and was convicted, his conviction was a first conviction within the meaning of the ordinance, and a *subsequent offense* committed *after* the first conviction means a subsequent offense against that ordinance.

2. INTOXICATING LIQUORS—*City Ordinance—Second Offense.*—Where a prohibition ordinance provided a penalty for any subsequent offense after the first conviction, proof of a conviction of a violation of the State law nearly three years before the ordinance was passed will not support a verdict convicting the accused of a second offense against the ordinance of the city.

Error to a judgment of the Corporation Court of the city of Newport News.

*Reversed.*

The opinion states the case.

*J. Thomas Newsome* and *W. R. Walker,* for the plaintiff in error.

*Charles C. Berkeley,* for the defendant in error.

WEST, J., delivered the opinion of the court.

Matthew Riddick was convicted of a second offense against the prohibition ordinances of the city of Newport News, by the police justice, and sentenced to jail for six

months and to pay a fine of $500.00, and required to give bond that he would refrain from violating any of the provisions of the ordinances of the city of Newport News, relating to ardent spirits, for a period of twelve months.

On an appeal to the corporation court of the city, he was convicted by a jury and sentenced by the court to confinement in jail for six months and to pay a fine of $100.00. To that judgment this writ of error was awarded.

There are four assignments of error, but we need to consider only the fourth, which is the refusal of the court to set aside the verdict as contrary to the law and the evidence.

[1] Section 38 of the prohibition ordinances of the city of Newport News, passed June 10, 1921, so far as material here, reads as follows:

"For each and every violation of the provisions of this ordinance * * the offender, upon conviction, shall be fined not less than $50.00 nor more than $500.00, and be confined in jail not less than one nor more than six months. For any *subsequent offense committed after the first conviction*, which is not declared a felony by this ordinance, he shall be fined not less than $100.00 nor more than $500.00, and imprisonment in jail for not less than six months nor more than one year." (Italics ours.)

In the case of *Hildred Faulkner* v. *Town of South Boston*, decided today, *ante* page 517, 127 S. E. 380, we were called upon to construe a similar ordinance of the town of South Boston. The ordinance there used the language, "the penalty for any *subsequent offense committed after the first conviction* * * shall be a fine * *." (Italics ours.) We held that where a person violated the ordinances for the first time and was convicted, his conviction was a first conviction within the

meaning of the ordinance, and that a *subsequent offense* committed *after* the first conviction, meant a subsequent offense against that ordinance.

The warrant, in the instant case, charged the accused with a second offense, and the verdict upon which judgment was pronounced was: "We the jury find the accused, Matthew Riddick, guilty as charged in the within warrant and fix his punishment at six months in jail and a fine of $100.00." The language of the verdict makes it clear that the jury imposed the penalty for a second offense, as charged in the warrant.

[2] It is conceded that the accused was convicted in the Corporation Court of the city of Newport News on September 13, 1918, on an indictment charging him with a violation of the State prohibition law, and sentenced to jail for thirty days and to pay a fine of $50.00, and that this is the "first conviction" relied on by the prosecution in the instant case. Proof of a conviction of a violation of the State law nearly three years before the ordinance was passed will not support a verdict convicting the accused of a second offense against the ordinance of the city.

There is no proof of a subsequent offense committed after the first conviction, within the meaning of the ordinance of June 10, 1921.

For the foregoing reasons, and other reasons stated in our opinion in the *Faulkner Case, supra,* we are of the opinion that there is no evidence to support a conviction of a second offense in the instant case.

The verdict and judgment will be set aside and the case remanded for a new trial, not in conflict with the views herein expressed.

*Reversed.*