# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## WILLIAM SIMMONS v. CITY OF LYNCHBURG.

### January 14, 1926.

INTOXICATING LIQUORS—*Violation of City Ordinance—Second Offense—First Offense Violation of State Prohibition Law—Case at Bar.*—In the instant case accused was convicted of a second offense against the prohibition ordinance of a city. The first conviction of accused, relied upon to sustain the charge of a second offense, was upon an indictment charging the violation of the State prohibition law, which occurred on September 5, 1923. The Layman act, under which the city derived its authority to pass the prohibition ordinance, went into effect June 16, 1924.

    *Held:* That the conviction of accused, as of a second offense when he violated the ordinance, could not be sustained.

Error to a judgment of the Corporation Court of the city of Lynchburg.

*Reversed.*

The opinion states the case.

*A. S. Hester,* for the plaintiff in error.

*Robert D. Yancey,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error was convicted by the police justice of a second offense against the prohibition ordinance of the city, fined $250, and sentenced to jail for a period of six months. From this judgment he appealed to the corporation court and had a trial by jury. The jury found him guilty, as charged in the warrant, and imposed upon him the same punishment as was imposed by the police justice.

The trial court overruled the motion to set aside the verdict and entered judgment thereon, and to that action of the court this writ of error was awarded.

The charge in the warrant is "that Wm. Simmons, on the 26th day of October, 1924, did, in said city, unlawfully have in his possession one-half gallon ardent spirits in violation prohibition law, he having heretofore been convicted of violating the prohibition law."

The first conviction of the accused, relied upon to sustain the charge in the warrant of a second offense, occurred on the 5th day of September, 1923, in the corporation court of the city upon an indictment charging a violation of the State prohibition law (Acts 1918, chapter 388).

On July 14, 1924, the council of the city adopted a prohibition ordinance, pursuant to the provisions of section thirty-seven of the State prohibition law, which became effective June 16, 1924. So far as material, this ordinance is as follows:

"Section 5. (6) Any person who shall violate any of the provisions of this ordinance, except as otherwise herein provided, shall be deemed guilty of a misdemeanor and be fined not less than $50.00 nor more than $500, and be confined in jail not less than one nor more than six months, except that the sale of ardent spirits or the transportation thereof in excess of one gallon shall be punished by a fine of not exceeding $500.00 and confined in jail not less than three nor more than twelve months. The penalty for any subsequent offense committed after the first conviction shall be a fine of not exceeding $500.00 and imprisonment in jail for not less than three months nor more than twelve months, but where, upon the trial of any charge for violation of this ordinance, it shall appear

to the court trying the case that there has been no intention of the violation of any provision thereof, but an unintentional or inadvertent violation thereof, the court may, in its discretion, omit the jail sentence."

The accused assigns as error the refusal of the trial court to set aside the verdict of the jury because it is contrary to law.

This assignment of error is well founded. It will be observed that the first conviction of the accused was for a violation of the State prohibition law, and occurred on September 5, 1923; that the Layman act (Acts 1924, chapter 407), from which the city derived its authority to pass the prohibition ordinance, went into effect June 16, 1924; that the council of the city of Lynchburg adopted the prohibition ordinance on July 14, 1924; that the accused was convicted on the 7th day of November, 1924, for a second violation of the prohibition law.

Twice before has the question of the legality of a similar ordinance been passed upon by the appellate court, in opinions delivered by West, J.

In *Faulkner* v. *Town of South Boston,* 141 Va. 517, 127 S. E. 380, the ordinance under which the accused was convicted was held to be void, when it was made to appear that the first conviction relied on occurred before the ordinance was enacted. In this case it is said:

"Section 42. 'This ordinance shall be in effect on and after June 18, 1922. All ordinances or parts of ordinances in conflict with this ordinance are hereby repealed.'

"The language of section forty-one, *supra,* is clear: 'Any person who shall violate any of the provisions of this ordinance shall * * * be fined not less than fifty dollars and be confined in jail * * The penalty

for any subsequent offense committed after the first
conviction * * shall be a fine of not less than
$100.00 * * * .'

"The language used, in our view, can have but one
meaning. When a person violates the provisions of
the ordinance for the first time, and is convicted, his
conviction is unquestionably a 'first conviction' within
the meaning of the ordinance. And it must follow
that a 'subsequent offense committed *after* the "first
conviction" ' means a subsequent offense against this
ordinance. Had the council of the town of South
Boston intended that 'first conviction' should be con-
strued to mean a conviction under other prohibition
ordinances of the town, or the prohibition laws of the
State, passed prior to the date of the passage of the
ordinance under consideration, it would doubtless have
so ordained."

In *Riddick* v. *Newport News*, 141 Va. 568, 127 S. E.
382, the holding in the *Faulkner Case*, *supra*, was
affirmed, the court saying: "Proof of a conviction of a
violation of the State law nearly three years before
the ordinance was passed will not support a verdict
convicting the accused of a second offense against the
ordinance of the city.

There are other assignments of error, which, in view
of the conclusion reached, we do not deem it necessary
to discuss.

For the reasons stated, the judgment will, therefore,
be reversed and the case remanded to the trial court
to be disposed of according to law.

*Reversed.*