STATE OF IOWA, Appellee, v. ANDY H. KUHLMAN, Appellant.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*Jepson, Struble, Anderson & Sifford, Carlos W. Goltz,* and *R. B. Schuyler,* for appellant.

*O. P. Bennett, O. D. Nickle, John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

EVANS, J.—On February 16, 1926, a raid was made by prohibition officers upon the home of the defendant in Monona County. He was not at home, and had not been at home for a period of three weeks next preceding. His house was occupied by ·his wife and by her brother, who was then operating the farm. A quantity of intoxicating liquor was found in the house, consisting of several bottles of beer and two and one-half gallons of whisky. A concealed still was found in operation in the house and cellar, and a considerable quantity of mash. On March 11th, the grand jury returned an indictment against the defendant, charging him with maintaining a nuisance, in that he had kept intoxicating liquors at the place of nuisance, with intent to sell the same, and that. he had there sold the same. It also charged that his offense was a third offense, within the provisions of Section 1964 of the Code of 1924. Trial was had upon such indictment.

One question in the case is whether the State connected the defendant with the commission of the offense. There was abundant proof of the nuisance. The only persons in occupancy of the house at and before the raid, and for some weeks thereafter, were Mrs. Kuhlman and her brother, · as already stated. There was evidence that the defendant had been estranged from his wife, and had left his home. Certain instructions given by the court on this question are complained of. The former convictions of the defendant pleaded in the indictment were had in March, 1922, and September, 1923. One question in the case is whether such former convictions come within the purview of Section 1964. We shall give our first consideration to that question.

I. Section 1964 of the Code of 1924 is as follows:

"1964. Whoever is convicted, * * * in any district court of the state, of a violation of any provision of this title or of the laws amendatory thereof, and is thereafter convicted * * * of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished as follows: * * * "

It is the contention of the appellant that the convictions of 1922 and 1923 were not "of a violation of any provision of this title or of the laws amendatory thereof." In a literal sense, this contention is clearly correct. Section 1964 is contained in Title VI of the Code of 1924. The opposing contention of the State is that Title VI of the Code of 1924 is equivalent to Title XII of the Code of 1897; that the present prosecution is predicated upon the nuisance statute, Section 1930 of the Code of 1924; and that the nuisance statute is predicated upon the general statute, Section 1924 of the Code of 1924, which prohibits the unlawful possession and sale of intoxicating liquors; that the nuisance statute, Section 1930 of the present Code, is the equivalent of the nuisance statute, Section 2384 of the Code of 1897; and that the present Section 1924 is the equivalent of Section 2382 of the Code of 1897; that the previous convictions of the defendant were of a violation of Section 2384 of the Code of 1897; that, because of the identity of the present sections of the statute with the former sections of the statute, the former convictions of the defendant come within the fair purview of the present Section 1964. In other words, the State would construe the present Section 1964 as though it read as follows:

"Whoever is, *or shall have been heretofore*, convicted, in any district court of the state, of a violation of any provisions of this title or of the laws amendatory thereof, *or of prior laws amended by this title*, and is *hereafter* convicted of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished as follows:"

The italicized portions of the foregoing are interpolated by us to indicate what is contended for by the State.

It is further contended by the State that the question is foreclosed by our holding in *State v. Norris*, 203 Iowa 327, wherein we sustained the constitutionality of Section 1964. The question of the constitutionality of that section is not raised,

and is not before us. The question raised by the defendant is one of interpretation of a constitutional statute. That question was not raised in the *Norris* case, and was not before us. If Sections 2382 and 2384 of the Code of 1897, under which the former convictions of the defendant were had, were identical with Sections 1924 and 1930 of the present Code, the contention of the State would be entitled to more consideration. They are not identical. Sections 2382 and 2384 of the Code of 1897 have been materially changed by Sections 1924 and 1930 of the present Code, by substantial additions, both in definition and in penalties. The penalty statute, Sections 2383 and 2384 in the Code of 1897 have been materially changed by the penalty statute Sections 1926, 1927, and 1930 of the present Code.

The argument of the State is predicated, therefore, upon a mistaken premise.

"Whoever is convicted * * * of a violation of any provision of this title."

Such is the language of this statute. Does it speak in the past tense or in the future? "This title" contains prohibitions that were not contained in the prior statutes. Statutes equivalent to our Section 1964 are not unusual. Equivalent statutes have been enacted in many states, and have received interpretation from the courts therein. The defendant brings to our attention many decisions from other jurisdictions in support of his contention. The State cites no case to the contrary, nor have we been able to find any. In construing a similar statute, the Supreme Court of New Hampshire said:

" * * * a respondent is not made liable to them because of a prior conviction of any criminal offense, or of any of the various offenses created by the liquor law. The increased penalties are imposed for a subsequent violation of the prohibitions of the section. Hence, it is necessary that the prior conviction must be founded upon a charge of such violation." *State v. Maltais*, 75 N. H. 248 (72 Atl. 1023).

The Supreme Court of Mississippi said:

"Now it will be seen that the first conviction and punishment of appellant for unlawful selling was not a former offense under Chapter 214, Laws of 1912; therefore, he should not have

been punished in the present prosecution as for a second conviction. But the indictment stated sufficiently the charge of unlawful selling, and a conviction thereunder necessarily included. a conviction of a first offense committed after the passage of the act. While his conviction was legal, yet it may be that the court, in passing sentence upon him, followed the provision of punishment for conviction of a second offense. Appellant may be heard to complain, therefore, of his sentence in this case, and we conclude that the case should be remanded to the trial court, in order that a new sentence may be pronounced." *Boroum v. State*, 105 Miss. 887 (63 So. 297).

The Supreme Court of Kentucky said:

"In order for the commonwealth to make out a felony case under that act, it must charge and show that the unlawful possession or sale was by the accused since the effective date of the Rash-Gullion Act; and unless the indictment so charges, and the charges are sustained by the proof, the trial court should direct a verdict for the defendant upon the felony charge, although it may submit to the jury the misdemeanor." *West v. Commonwealth*, 217 Ky. 255 (289 S. W. 299).

The Supreme Court of South Carolina said:

"The record is very indefinite, and fails to disclose the exact charge upon which he was convicted in the city court; but whatever it may have been, his conviction in that court was not sufficient to warrant an increase of punishment under the section above quoted, upon his subsequent conviction in the circuit court for a violation of the Act of 1909; for 'the second or any subsequent offense' referred to in Section 11 above quoted means a second or any subsequent offense committed in violation of any of the provisions of *that act*. Therefore, the increased punishment can be imposed only upon proof of a former conviction for violation of the provisions of the Act of 1909; and the conviction in the city court could not have been such, for that court has no jurisdiction of violations of that act. The imposition of any increased punishment in this case, as for a second offense, was, therefore, erroneous." *State v. Parris*, 89 S. C. 140 (71 S. E. 808).

To a similar effect is *Faulkner v. Town of South Boston*,

141 Va.. 517 (127 S. E. 380), and *Riddick v. City of Newport News*, 141 Va. 568 (127 S. E. 382).

In the case at bar, the prosecution for nuisance is predicated upon Sections 1924 and 1930 of the Code of 1924. These sections are a re-enactment of Sections 2382 and 2384 of the Code of 1897, with material amendments, imposing more severe penalties than had ever been enacted before. Section 1964 was a re-enactment of Section 2461-m, Supplemental Supplement, 1915, as amended by Chapter 21, Acts of the Fortieth General Assembly. Chapter 21, Acts of the Fortieth General Assembly, was materially amended by Section 1964. Later reference will be made to this amendment.

The increased penalty provided in Sections 1924 and 1930 was that imprisonment not exceeding one year was made mandatory upon conviction for the first offense. Sections 2382 and 2384 had never before carried this penalty. Section 2461-m, Supplemental Supplement, 1915, provided additional penalties for second and third convictions. This is the section which was amended by Chapter 21, Acts of the Fortieth General Assembly. In such amended section, the prior convictions were defined as those had under "Chapter 6 of Title XII." This in terms would comprehend all prior convictions under previous nuisance statutes. By the later enactment of Section 1964, the words "this title" were substituted for the words "Chapter 6, Title XII," in such Chapter 21. The significance of this substitution is indicated when we consider that a new era of severe penalties for *first* offenses was inaugurated by the enactment of Sections 1924 and 1930. It was as though a new legislative policy was put into effect to punish more severely first offenses and to follow up such penalty with still more severe penalties for subsequent offenses. This accounts rationally and naturally for the substitution of the term "this title" in Section 1964 for the previous expression "Chapter 6, Title XII." There could be no reason for eliminating from the statute the foregoing expression, if it were the intent of the statute to cover prior offenses committed under "Chapter 6, Title XII," of the former Code. By the use of such expression in Chapter 21, Acts of the Fortieth General Assembly, that statute became retrospective in its terms. By the change made as incorporated in Section 1964, it became prospective only.

We are constrained to hold, therefore, that the intent of the legislature in that respect stands out clearly, and effect must be given thereto.

II. Paragraph 10 of the court's instructions contained the following:

"Evidence has been introduced in this case, tending to show that the defendant was not present at the time of the searching of the premises of the defendant under the search warrant. * * * And if you should find from the evidence in this case that the defendant was not present at said place at the time of the search and seizure of the liquor referred to, and introduced in evidence in this cause, but that his wife was in possession of the home, and in possession of the intoxicating liquor in question, and the State has proven to you beyond a reasonable doubt that such intoxicating liquor was kept in said home for the purpose of illegal sale, then you are instructed that the law indulges in the presumption that the participation of the wife in the crime committed by her husband, if you find a crime was committed, was the result of coercion on the part of the husband, and that she is not legally chargeable with the commission of the offense, until that presumption has been removed by evidence tending to show her to have acted of her own free will and accord."

Particular complaint is directed against the foregoing. It was clearly erroneous, from various points of view. The rule of presumption of coercion of the wife which is set forth in this instruction has no place in the case. The rule itself is not accurately stated therein. The presumption of coercion arises only when the wife acts in the near presence of her husband. It does not apply when the wife acts in the absence of her husband, and outside of the influence of his near presence. Such presumption is available to the wife alone, if she chooses to claim it, in defense of herself against the criminal charge. It is not available to the State as affirmative proof or presumption of the husband's guilt. The wife and her brother were in the actual possession of the house where the contraband was found. The effect of the instruction was to say to the jury that, if it found that the wife was in the unlawful possession of the intoxicating liquor, with

unlawful intent to sell the same, then the husband would be presumed to have coerced her into the crime, and would himself necessarily be guilty thereof. The guilt of the defendant may not be established in such way. Legal proof of his guilt being produced, his guilt would be neither greater nor less because of the guilt or innocence of his wife.

The foregoing comprise the more important questions raised by the appellant. Many other minor errors are assigned. They present questions which are most likely to disappear upon a retrial. They are not such as would justify us in prolonging this opinion to consider them *seriatim.*

For the reasons here indicated, the judgment below is— *Reversed.*

STEVENS, C. J., and ALBERT, MORLING, and KINDIG, JJ., concur.

FAVILLE, J., concurs in result.

DE GRAFF, J., not participating.