STATE OF IOWA, Appellee, v. L. E. MCGEE, Appellant.

OCTOBER 23, 1928.

REHEARING DENIED JANUARY 11, 1929.

*William Mulvaney* and *J. F. Loughlin,* for appellant.

*John Fletcher,* Attorney-general, and *R. G. Rodman,* County Attorney, for appellee.

KINDIG, J.—On October 17, 1927, the proper grand jury by indictment charged that the defendant and appellant, L. E. McGee, maintained a liquor nuisance in Cherokee County, and that he was convicted of a previous violation of the liquor laws October 19, 1921. Appellant's plea was "not guilty;" whereupon a trial was had to the jury, which returned a verdict of "guilty," and accordingly, the following sentence was pronounced by the court: First, the appellant was adjudged to pay a fine of $600 and costs, including an attorney's fee; second, he was ordered confined in jail until said fine and costs were paid; and third, he was, in addition thereto, committed to the county jail for a period of seven months.

Many errors are alleged as a basis for a new trial. These complaints will now be given consideration.

I. At the outset, appellant urges that the district court made a mistake in trying and sentencing appellant on the theory of a subsequent transgression, under Section 1964 of the 1927 Code. Obviously this was error, he says, because of the pronouncement in *State v. Kuhlman,* 206 Iowa 622.

In the *Kuhlman* case, we held that the subsequent maintenance of a nuisance must be based upon a former conviction under Title VI of the 1924 Code, rather than under Title XII of the 1897 Code. Clearly, the prior conviction relied upon by the State in the case at bar was under the 1897 Code, instead of the 1924 or 1927 Code. But the appellee contends that appellant cannot take advantage of that situation here, because the indictment in the district court was not attacked by demurrer, as provided by Sections 13790 and 13791 of the present Code, thus giving rise to waiver. To avoid this result, appellant maintains that it was not necessary for him to demur, under the circumstances, but that he could raise the question by motion in

arrest of judgment, as provided and defined in Chapter 653 of the 1927 Code.

Between these conflicting arguments we do not decide, for the reason that appellant did not raise the issue either by demurrer or motion in arrest of judgment. Objection in this  regard was limited, in the motion for arrest of judgment, to the introduction of evidence tending to prove the former conviction. Insistence was therein made by appellant that the court, rather than the jury, should pass upon the fact of the former conviction.

Absence of former conviction, under the doctrine announced in the *Kuhlman* case, is now raised by appellant for the first time. Mention of it was not made by him in the district court, so he cannot avail himself of it here.

II. Section 1954, Code of 1927, provides:

"In any prosecution for a second or subsequent offense, * * * it shall be sufficient briefly to allege such conviction [in the indictment or information]."

And Section 1955 of the same Code states:

"* * * unless shown [to be a subsequent offense] in the information or indictment, the charge shall be held to be for a first offense."

Therefore, the question of subsequent dereliction is a material item of the indictment, and an essential element to be proven by the State at the trial.

No course of procedure is outlined by the legislature for passing upon the evidence relating to the first or former conviction. While not specifically discussed, yet, in the case of *State v. Olson*, 200 Iowa 660, 662, we did not condemn the practice of submitting such proof to the jury. Courts in other jurisdictions have frequently held that it is proper to present substantiation of this subject-matter to the fact-finding body for their decision. *State v. Findling*, 123 Minn. 413 (144 N. W. 142), aptly declares:

"It may well be urged that the introduction of evidence by the prosecution of prior convictions would naturally tend to prejudice the accused before the jury, and lead to his conviction

on general grounds, as a bad person, and one that should be under restraint, rather than at large. But the authorities do not sustain the contention that such evidence is inadmissible. In fact, by the great weight of opinion it is held that the evidence and a verdict of the jury finding the prior conviction are essential to the power of the court to impose the increased punishment. At least, such is the rule in nearly all the states where no statutory method of determining the prior conviction is prescribed. * * * no distinction is made because of the fact that in some of the states the punishment is fixed and determined by the jury, and in others by the court, upon a verdict of guilty.''.

Again, in *People v. Sickles*, 156 N. Y. 541 (51 N. E. 288), there is found this language:

''When it is said that the presumption of the defendant's innocence was destroyed by the introduction of proof of his former conviction, the proposition is based upon mere assumption, and it is the error in that assumption which affects the appellant's argument. The statute has not abrogated the rule as to the presumption of innocence. It is expressly preserved to the defendant * * *: It will not be presumed that the jurors failed to obey the instruction, or that they did not accord to the accused the benefit of every reasonable doubt upon the evidence. * * * The legislature can do as the English parliament has done, by changing the rule of procedure. But that rests in the legislative discretion; and, until it is exercised in that direction, the established procedure must be followed, and the proof must be such as to meet the charge, and bring the case within the statute.''

Likewise, in the Iowa practice there is no method prescribed for the establishment of the former conviction. However, the law-making body did require the necessary allegation in reference to this subject-matter in the indictment, and therefore, in harmony with the authorities cited, evidence thereof must be submitted to the jury. If the legislature, in the exercise of its prerogative, deems the general rule above stated undesirable, it will make a proper change.

III. What has just been said is not in any way modified by Section 1956 of the 1927 Code, which contains this enactment:

· "On the trial of any cause wherein the accused is charged with a second or subsequent offense, a duly authenticated copy of the former judgment in any court in which such judgment was so had, shall be competent and prima-facie evidence of such former judgment."

Notwithstanding the language of that section, there is still a question for determination as to whether or not the full and final record sustains the fact of a former conviction. That is to say, the presumption is not conclusive; and in view of the fact that the jury may properly pass upon the particular issues, including identification, the introduction of the judgment referred to in Section 1956 does not alter the practice otherwise in such cases permissible.

IV. Argument at this point is founded upon the inadmissibility of the judgment record on the ground that it is shown in the court's calendar, rather than the permanent judgment book.  But it appears from the explanations made by counsel in oral argument, and the facts and circumstances revealed by the record, that the document offered was in fact the permanent and final judgment of the court. It was in the form of a judgment, and bound and kept as such. This being true, the exhibit was admissible.

V. Grievance is predicated upon the thought that the record made was not sufficient to identify and convict the appellant as the one "guilty of a nuisance," under the succeeding sections of the 1927 Code:

"1929. The building, erection, or place, or the ground itself, in or upon which the unlawful manufacture or sale or keeping with intent to sell, use, or give away said liquors [intoxicating liquors] is carried on or continued or exists, and the furniture, fixtures, vessels and contents, are declared a nuisance * * *."

"1930. Whoever shall erect, establish, continue or use any building, erection, or place for any of the purposes herein prohibited [the manufacture, sale, or keeping for sale of intoxicating liquors], is guilty of a nuisance * * *."

When testifying in his own behalf, appellant said that he had lived upon the farm where the intoxicating liquor was

found, for 17 or 18 years. Continuing, he further asserted:

"I farm the place. * * * I keep some chickens. I gather the eggs regularly about once a day. There are nests in the hen house."

After procuring a search warrant, the sheriff of the county, together with others, went to appellant's place, above mentioned, and "found a jug (under a plow, with a sack over it) in the machine shed, and two cans buried in the chicken house." Investigation disclosed that these receptacles all contained intoxicating liquors. There is no testimony to the effect or claim that any other person except the appellant was in the possession of or had access to said buildings. Previous to and during the search, appellant made no inquiry or protest, nor did he explain or excuse the presence of the liquor. Throughout the proceedings at his farm, he sat complacently on the running board of the sheriff's car. Those facts and circumstances were sufficient to present to the jury the question as to whether or not the appellant was "in the possession or under the control of the intoxicants," within the purview of Code of 1927, Section 1966-a1, which sets forth this text:

"In all actions, prosecutions and proceedings, criminal or civil, under the provisions of this title, the finding of intoxicating liquors * * * in the possession of or under the control of any person, under and by authority of a search warrant or other process of law, and which shall have been finally adjudicated and declared forfeited by the court, shall be prima-facie evidence, in any action, criminal or civil, of maintaining a nuisance * * *."

Accordingly, the liquor obtained from appellant's farm through the search warrant was duly and legally condemned, in accordance with the foregoing provision of the law. Hence, the same constituted "prima-facie evidence" that appellant maintained a nuisance.

VI. Exception is taken to the district court's action in admitting the evidence of the search-warrant proceedings leading up to and including the condemnation of the liquor aforesaid. Manifestly, this contention is without merit, for that part of the record was introduced under the provisions of Section

1966-al, supra, and for the purposes received, was entirely proper.

VII. Further objection to the admission of evidence is urged by appellant in that the exhibits, consisting of the glass jug and two metal cans containing the liquor, should not have been taken by the jury to their room during the deliberations, for the reason that there was affixed to each receptacle a paster, on which was written the following:

"Examined February 4th, 1928. Contents 55% Ethyl alcohol. Grand Jury Liquor Exhibit. Name—L. E. McGee. Address—Cleghorn, Iowa. Date Seized—June 14, 1927. Officer —Claud Bensley. Officer—L. H. Sangwin and H. Shook."

It appears, however, that the objectional subject-matter "Examined February 4th, 1928; contents 55% Ethyl alcohol," was placed thereon as a matter of identification by the witness Dr. Paul E. Allen, who made the analysis of all the liquor at the time designated, and afterwards, at the trial, testified that the contents of each vessel consisted of 55 per cent ethyl alcohol. "Identification" was the only purpose of the "sticker."

Dr. Allen's statements upon the witness stand were the same as those contained on the written pasters. Wherefore, even though it would have been a better practice to have covered the writing referred to, in some appropriate way, yet, under the circumstances here revealed, it does not appear that appellant was in any way prejudiced.

VIII. Also, the remainder of the "identification" mark, relating to the name of the appellant, names of the officers, and date of the seizure, is quite immaterial, and likewise without harm. Such items of descriptive designation were all previously testified to by the officers who made those notations. Nothing, therefore, was added to the record by these marks of identity, and the error, if any, did not prejudice appellant.

IX. Insistence is made by appellant that there was not sufficient evidence to distinguish this particular liquor from denatured alcohol, which, he says, is a non-beverage.

Apparently appellant overlooked the affirmative statements of the witness Dr. Paul E. Allen, as disclosed by the amended abstract. They are:

"That [contents of the receptacles] is not denatured alcohol. I found pure ethyl alcohol. Q. That is, grain alcohol? A. Yes, sir. Q. And is that intoxicating? A. Yes, sir."

Consequently, the instruction asked by appellant in reference to denatured alcohol was properly refused by the court.

X. Challenge is made to the district court's instructions because it is said by appellant the jury were not told they must base their conviction on the evidence.

A review of the instructions constrains us to hold that this contention cannot be sustained. Frequently we have held that all directions to the jury cannot be made in a single paragraph, and the charge must be considered as a whole. Applying that principle to the case at bar, it is found that the issues were first stated, then the various subjects material to the cause were explained and discussed, and finally the court, speaking to the jury, said:

"You are to bear in mind that you are to take into consideration only such evidence as has been submitted to you, and from this alone, independent of all other considerations, * * * guided by the law as given you in these instructions, bring in such a verdict as your best judgment will approve, and such as will be warranted and substantiated by the evidence."

At another place in the instructions, the court sufficiently charged the jury in compliance with the requirements laid down by us in *State v. Patrick*, 201 Iowa 368.

XI. Reasonable doubt was defined by the trial court. As part of the definition, a precautionary instruction was given, to the effect that such "doubt" does not mean one that is forced, strained, captious, or unnatural. Exception is taken thereto by appellant. Approval of that instruction has frequently been made. *State v. Lindsay*, 161 Iowa 39; *State v. Derry*, 202 Iowa 352; *State v. Schaffer*, 74 Iowa 704; *State v. Smith*, 194 Iowa 639.

XII. Reversal is asked because the judge, during the argument to the jury, absented himself from the court room.

Thinking that he had the consent of counsel so to do, he did go to an adjoining room during said time. Nevertheless, he was within five or six feet from the door, in direct line with the

nearest juror, who was not more than 15 feet away. According to the record, the judge was in hearing distance of the proceedings, and at all times remained within immediate call. Objections to the State's argument were not made by appellant, and he complains of no prejudice resulting from the judge's absence. Under these facts and circumstances, there is no reason for a new trial based on this alleged error. See *State v. Porter*, 105 Iowa 677, and *State v. Carnagy*, 106 Iowa 483.

Careful consideration has been given to the entire record and all propositions argued by appellant, and we are convinced that the appellant received a fair trial.

The judgment and decree of the district court, therefore, should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.