STATE OF IOWA, Appellee, v. WILLIAM MADSON, Appellant.

JANUARY 23, 1929.

*H. E. Narey* and *Cornwall & Cornwall*, for appellant.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, *Angus McDonald*, County Attorney, and *C. W. Baldwin*, for appellee.

ALBERT, C. J.—On the 29th day of November, 1927, the grand jury of Dickinson County returned an indictment against the defendant, charging him with the unlawful possession of intoxicating liquor. The indictment also charged three previous convictions for liquor offenses, the first in Clay County, for unlawful keeping and dispensing of intoxicating liquors, under date April 26, 1919; the second, in Pocahontas County, on March 10, 1924, under the bootlegging statute; and the third, in Osceola County, on October 5, 1925, under the illegal transportation statute. Upon the trial of the case, certified copies of the judgment entries of each of these former convictions were offered, and admitted in evidence over the proper objections of the defendant. This gives rise to the first question raised on the appeal.

By reference to the indictment, it is to be seen that two of these prior convictions antedated the Code of 1924, while one of them was subsequent to the adoption of that Code. As to the first two convictions, we have held, in the case of *State v. Kuhlman*, 206 Iowa 622, that they cannot be used as a basis for the cumulative penalty provided in Section 1964, Code of 1924. Since we do not wish to recede from that ruling, it necessarily follows that the court erred in admitting the transcripts of the first two convictions above referred to.

As to the last previous conviction specified in the indictment, such conviction postdated the Code of 1924, hence falls under the provisions of the above section of the statute. It is insisted, however, that this question was not properly raised, hence was waived. A basis for such contention is claimed to be found in *State v. McGee*, 207 Iowa 334. The question raised in that case was that the defendant did not demur to the indictment, hence the question was waived, and the appellant in that case insisted that it was not necessary to demur; that he could raise the question by motion in arrest of judgment, as provided by Chapter 653, Code of 1927. The opinion, however, says that, so long as the defendant did not raise the question, either by demurrer or by motion in arrest of judgment, but raised it only under the *State v. Kuhlman* case in this court for the first time,

the court refused to pass upon the question of whether, by failure to demur, the question was waived. As heretofore said, in this case the question was raised by proper objection to the certified transcripts, when offered in evidence. But the State still insists that it should have been raised by demurrer, and that, since it was not thus raised, it was waived. With this contention we cannot agree. When we turn to the indictment, it is apparent that a demurrer could not be successfully lodged against the same. There are sufficient allegations in the indictment to make a complete charge as to the current offense, and hence it is not demurrable. As we view the matter, the defendant availed himself of his first opportunity to lodge the proper objections against these transcripts of former convictions, and having done so, he is entitled to the benefit of whatever question such proper objections would raise; and under the *Kuhlman* case, as heretofore stated, these first two convictions cannot be used for cumulative punishment, as they were in this case. The record shows that the court, in sentencing the defendant, took into consideration each and all of these prior convictions, and sentenced him to three years in the penitentiary. Under our holding, two of these prior convictions could not be considered in making this sentence, and this would leave the conviction under the present indictment and one previous conviction, for which, under Subdivision 1 of Section 1964, the penalty could not be a penitentiary sentence.

It is no more than fair to the district court to call attention to the fact that the *Kuhlman* opinion was filed after the instant case was closed in that court.

Some other questions are discussed, but we do not find that they merit any serious consideration. It is therefore ordered that the case be reversed only on the question of sentence, and remanded to the district court, with instructions to sentence the defendant under Subdivision 1 of Section 1964, Code of 1927. —*Reversed and remanded.*

EVANS, STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.

FAVILLE and KINDIG, JJ., dissent.