STATE OF IOWA, Appellee, v. FRANCIS A. BERGMAN, Appellant.

No. 39477.

JUNE 24, 1929.

*M. J. Carey,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *George E. Campbell,* County Attorney, for appellee.

KINDIG, J.—A Jasper County grand jury, on December 15, 1927, indicted the defendant-appellant, Francis A. Bergman, for the crime of illegally possessing intoxicating liquors. Contained within that indictment is the charge that the violation therein named was a second and subsequent offense. The date of the first offense was fixed as March 9, 1918. Accordingly, upon the trial, the jury convicted him for the transgression alleged in the indictment, and furthermore found that such charge was a second offense.

Objection was made to this indictment by the appellant because the alleged subsequent offense designated within it was not in fact such, under Section 1964 of the 1927 Code, which reads as follows:

"Whoever is convicted, or has entered a plea of guilty in a criminal action, in any district court of the state, of a violation of any provision of this title or of the laws amendatory thereof, and is thereafter convicted or enters a plea of guilty of a subsequent offense against any provision of this title or of said amendatory laws, shall be punished as follows:

"1. For his second conviction, by a fine of not less than five hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for not less than six months nor more than one year. * * *"

Said protest was made consistently by appellant through a

demurrer to the indictment, objections to the evidence, a motion for a directed verdict, exceptions to the instructions, and a motion for a new trial. Nevertheless, in each instance, the trial court ruled adversely to appellant's contention, and permitted the purported prior offense to remain in the indictment, required the appellant to be tried thereon, received evidence of the previous conviction, overruled the motions for a directed verdict and a new trial. Hence, appellant now complains of this assigned error. Basis for his argument at this juncture is *State v. Kuhlman,* 206 Iowa 622. In the *Kuhlman* case we held that Section 1964, as contained in the 1924 and 1927 Codes, does not have a retrospective, but only a prospective, application. Consequently, the appellant is correct in his contention that violations of the intoxicating liquor laws under the older statutes do not amount to "previous offenses," within the purview of the newer legislation (Section 1964 of the 1924 and 1927 Codes). *State v. Madson,* 207 Iowa 552.

This is conceded by the appellee, State of Iowa, but the State's theory is that the error was without prejudice to appellant because the punishment imposed was not greater than the maximum permitted for the first offense. However, appellant urges that he was prejudiced because the result of receiving the evidence aforesaid amounted to a showing on the part of the state that he had been convicted of a separate and distinct offense. Authorization for this procedure, the appellant insists, is not furnished by any statute. With this we are constrained to agree.

Were the alleged first offense not purported to have been named in the indictment, there would be no basis in the case at bar for the admission in evidence of any record or other proof supporting the previous conviction. Merely embracing that within the indictment without a statutory basis therefor adds nothing of materiality or relevancy. Where there is no supporting statute, there can be no allegation of that kind. Omitting the statutory sanction, a separate and independent judgment of conviction would not here be material or relevant; because in such event there could be but one question before the jury, and that would be whether appellant was guilty of illegally having in his possession intoxicating liquors. Prior offenses not within the meaning of Section 1964 of the 1927 Code can have no proper place in this record; and the admission of such evidence was

necessarily prejudicial, under the circumstances, due to the fact that, when now indicted for having violated the intoxicating liquor laws of the state, the appellant would not receive unbiased consideration from the jury, when that body knew that he before had transgressed similarly. Before evidence of such previous conviction can be admissible, there must be a valid statutory allegation in the indictment. Here the pleading charged a former offense under the previous statute, which did not count as such under Section 1964 of the 1924 or 1927 Codes. See *State v. Kuhlman* and *State v. Madson,* supra.

Obviously, then, the attempted pleading of a former conviction amounted to a nullity, and, for the purposes of this discussion, the indictment must be considered as if that allegation had been entirely omitted. When it is thus viewed, it is apparent that the objectionable evidence was not admissible, and the jury should not have been permitted to hear the same. Clearly, then, that body should not have been authorized to find that the present was, in fact, a subsequent offense.

Our pronouncement in this regard is not inconsistent with *State v. Merkin,* 198 Iowa 900; *State v. Lambertti,* 204 Iowa 670; or *State v. Madson,* supra. Both the *Merkin* and *Lambertti* cases involved indictments wherein the previous offense was properly charged, but in each of those cases the evidence failed. So, the admission of proof to show the former conviction was proper, for the reason that the allegation in the indictment supported it. Under those circumstances, it was rightfully said that the defendant was not prejudiced by the testimony, although the proof failed. Statutory authorization was a basis for the State's attempt to prove the previous conviction. An allegation was made in each instance of an earlier conviction within the purview of the legislative enactments applicable thereto.

But in the present dispute, no statute made the first offense charged such for the purposes of increasing the punishment. There was, in fact, no first offense to be alleged in the indictment. As before stated, Section 1964 of the present Code did not relate back to 1918, which is the date named in the indictment. No ground appears, then, under the statute, for said allegation; and as a result thereof, there was no foundation upon which to rest the evidence of other and different offenses. Therein lies the distinction between this and the *Merkin* and *Lambertti* cases.

Moreover, *State v. Madson,* supra, involved a problem where the indictment accused the defendant of three previous convictions for liquor offenses. Investigation disclosed that two of them were not such, under the holding in *State v. Kuhlman,* supra. Therefore, they could not be considered on the question of increased punishment. Yet one of the alleged earlier offenses was properly included within the indictment, under Section 1964 of the 1924 Code. Wherefore, there was a proper allegation for at least that portion of the evidence. Furthermore, in the *Madson* case the present proposition was not discussed. We limited our conclusion in that opinion as follows:

"Under our holding, two of these prior convictions could not be considered in making this sentence [that in the Madson case], and this would leave the conviction under the present indictment and one previous conviction for which, under Subdivision 1 of Section 1964, the penalty could not be a penitentiary sentence."

On the other hand, in the present controversy there was no previous conviction which could be considered by the jury as affecting the appellant. The lack of statutory permission prevented it. Unauthorized allegations in the indictment cannot add that for which there is no statutory warrant. These specifications in the indictment, without a statutory premise, amount to nothing, and the admissibility of the evidence relating to the previous conviction must be decided the same as if offered in any other ordinary criminal case where it is sought to prove against the defendant separate and distinct immaterial and irrelevant crimes and misdemeanors. Prejudice is a necessary and inevitable result of receiving that evidence.

By way of exoneration, it should be said on behalf of the trial court that the judgment here considered was entered before the decision in *State v. Kuhlman,* supra.

Other matters are discussed in the arguments, and due consideration has been given thereto; but, because of the position herein taken, we do not find it necessary to elaborate upon them.

Wherefore, the defendant should have, and hereby is granted, a new trial.—*Reversed and remanded.*

ALBERT, C. J., and EVANS, STEVENS, and GRIMM, JJ., concur.