Charles Clarence MILLER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12480.

Criminal Court of Appeals of Oklahoma.

Sept. 11, 1957.

As Corrected Sept. 20, 1957.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The appellant, Charles Clarence Miller, hereinafter referred to as defendant, was charged by information in the district court of Washington County with the crime of operating a motor vehicle upon the public highway while under the influence of intoxicating liquor, second and subsequent offense, and a jury being waived, was tried before the court, found guilty and punishment fixed at a fine of $1 and imprisonment in the State Penitentiary for one year.

Prior to the introduction of evidence defendant demurred to the information, which demurrer was overruled and exceptions noted. Thereupon defendant, through his attorneys, stipulated with the State as follows:

"That on or about the 2nd day of February, 1953, the defendant, Charles Clarence Miller, in the county of Washington, State of Oklahoma, committed the crime of driving and operating a motor vehicle while under the influence of intoxicating liquor, and on the 2nd day of February, 1953 was duly charged by information in case No. 4369 in the county court of Washington County with said offense;

"That thereafter the defendant entered a plea of guilty to said charge on the 13th day of May, 1953 and was sentenced by the court to pay a fine of $70.00 and costs. It is further stipulated that the defendant in the aforementioned case No. 4369 is the same person as the defendant in the case at bar."

We find no necessity in summarizing the evidence of the various state witnesses, other than to say that the testimony disclosed that defendant and a companion were in an automobile being driven by defendant along West Frank Phillips Boulevard, Bartlesville, Oklahoma on August 19, 1956 and that defendant was by officers caused to stop his car on account of erratic driving, weaving over the road, etc. The officers testified that defendant was intoxicated, as was his companion. An intoximeter test voluntarily submitted to showed defendant to be intoxicated, according to the chemist who completed the test. Five witnesses testified to defendant's intoxication. The State rested and the defendant did not testify, and offered no evidence.

For reversal defendant presents only two points in his assignment of errors, and only these will be treated, though no argument or authorities are advanced in support of the first assignment, the assignments being: (1) That the Act of the Legislature finding an offense of driving while intoxicated, second offense, to be a felony is unconstitutional; and (2) that the court erred in overruling the demurrer to the information.

As to the constitutionality of the Act in question, 47 O.S.Supp.1955 § 93, we are not advised by counsel in what respect this could be. We agree with the Attorney General that the principles treated in Spann v. State, 69 Okl.Cr. 369, 377, 103 P.2d 389, apply and that this statute is valid and does not conflict in any way with any of the constitutional guaranties possessed by one who is accused of committing a criminal offense. Allegations of previous conviction is not a distinct charge of crime, but is necessary to bring the case within the statute, and goes to the punishment only. The purpose of this enhanced punishment, of course, is to compel obedience to the law when a milder sentence has failed in that respect.

Under the second specification, defendant specifically challenges the action of the trial court in overruling his demurrer to the information, in that it is contended that the charge is not properly a felony charge, but only a misdemeanor (Const.Okl. Art. 7, § 12), and it is urged that for such reason the charge should have been filed in the county court of Washington County. Counsel say:

"The sole question presented is whether the defendant's charge and his plea of guilty of March 13, 1953 and the payment by him at that time of a fine of $70 and costs constitutes 'subsequent offense' within the meaning of the particular terms of H.B. No. 814, S.L.1955, p. 263."

The gist of the argument presented is that the Act of the 1955 Legislature is *prospective*, rather than *retrospective*. In other words, that in order to charge a felony that the offense now charged and the conviction or convictions set out must each be charged to have taken place since the effective date of the 1955 amendment.

47 O.S.1941, § 93, reads:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is an habitual user of veronal, barbital, nembutal, sodium-amatal, or other *barbitrate*, or bartituric acid preparations, chloral hydrate, bromidia, benzedrine, or amphetamine preparations, or narcotic drugs, to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) [47 O.S.1951 § 91] and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more

than Five Hundred ($500.00) Dollars or by both such fine and imprisonment. Any person found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.-00) Dollars or by both such fine and imprisonment. Laws 1923, ch. 16, p. 22 § 3; Laws 1941, p. 199, § 1."

There was an amendment to the above Act by the 1951 Legislature, S.L.1951 p. 128, and between the phrase "to operate or drive a motor vehicle on any", and the words "highway within this State", there was added: "thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person * * *", etc., and changes the penalty for a felony from two years to five years, or a fine of not more than One Thousand ($1,000.00) Dollars, or both.

Then came the Legislature of 1953, S.L. 1953, p. 191. The only change in the 1953 law was that after the word "imprisonment" in both the misdemeanor and felony convictions, there was added: "and shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma."

The 1955 Act combined the provisions of 47 O.S.1941 § 93 with the 1951 and 1953 amendments, so that the statute now reads:

"House Bill No. 814.

"An Act relating to driving under the influence of intoxicants and certain drugs; amending 47 O.S.1951, Section 93, to provide that a jail sentence be mandatory for first offense and a penitentiary sentence is mandatory for a second offense; providing for revocation of driver's license; and declaring an emergency.

"Be It Enacted By The People Of The State Of Oklahoma:

"Section 1. Driving Automobiles while Intoxicated—Penalty. 47 O.S. 1951, Section 93 is hereby amended to read as follows:

"Section 93. It shall be unlawful for any person who is under the influence of intoxicating liquor or who is a habitual user of veronal, barbital, nembutal, sodium amytal or other barbiturates or barbituric acid preparations, chloral hydrate, bromidia, benzedrine or amphetamine preparations or narcotic drugs, to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the County Jail for a period of time not less than ten (10) days or more than one (1) year, and a fine of not more than Five Hundred Dollars ($500.00), and shall have his driver's license revoked for a period of twelve (12) months by the Commissioner of Public Safety of the State of Oklahoma. Any persons found guilty of a subsequent offense under the provisions of *this Act* shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not less than one (1) year and not to exceed five (5) years, and a fine of not more than One Thousand Dollars ($1,000.00), and shall have his driver's license revoked for a period of twelve (12) months by the

Commissioner of Public Safety of the State of Oklahoma.

"Approved this 16th day of May, 1955. Emergency."

Counsel reiterate and argue at length that by reason of the fact that the 1955 amendment stated: "Any persons found guilty of a subsequent offense under the provisions of *this Act* (emphasis supplied) shall be deemed guilty of a felony", etc., limits the felony charge to persons convicted of offenses taking place after the 1955 amendment.

It will be noted that the phrase "this Act" was contained in O.S.1951, and in the subsequent amendments. There is nothing new about the 1955 amendment as the law existed prior thereto, except the punishment. Defendant was not being prosecuted for offenses committed prior to the adoption of the 1955 amendment. He was being prosecuted for an act and offense taking place since the 1955 amendment was adopted, though the charge became a felony for the reason that prior to the felony charge defendant had been convicted in 1953 on a charge of operating a motor vehicle while under the influence of intoxicating liquor. See Spann v. State, supra.

In support of this position counsel cite the case of State v. Kuhlman, 1928, 205 Iowa 622, 220 N.W. 118, 120. The State has failed to distinguish or mention this case. We have carefully read the Kuhlman case, and find it to support defendant's position. We do note, however, this difference between the Iowa statute and the one considered herein, and that is that in the case of the Iowa statute there was involved the "Code of 1897" and it was materially changed by the Code of 1924 by substantial additions both in definition and penalties. I.C.A. § 126.19. Also the 1924 code substituted the words "this title" for the words "chapter VI, title XII" in defining prior convictions. While the 1955 Oklahoma amendment contained the words "this Act" the act amended (47 O.S.1951 § 93) also contained the same words, and specifically set out in the heading of House Bill 814, S.L.1955 that "47 O.S.1951 § 93" was being amended. This act had previously been amended in the respects we have already set out (S.L.1951 and S.L.1953) but was to finally read, after the various amendments as we have above quoted. And, as noted, the only change in the law as it existed previous to the 1955 amendment was in the matter of penalty.

Counsel have been fair in the presentation of their theory and admit that they have noted the Washington case of State v. Buttignoni, 118 Wash. 110, 203 P. 76, which holds contrary to their contentions. We have examined that case and cases from other jurisdictions generally for meaning of the term "this act" as applicable to the within situation. See general illustrating cases in Words and Phrases, current supplement.

In State v. Buttignoni, supra, there was involved an amendment there, as here, prescribing heavier punishment on second conviction for violations of Washington laws of 1917. It was held that the term "this act" occurring in the 1917 amendment to laws 1915 comprehended a prior conviction under the 1915 law, as the 1917 act expressly amended the 1915 act. In other words, the "prior" conviction might be prior to the 1917 amendment, though the crime charged would have to be after the effective date of such amendment.

A late case (July, 1956) from the Supreme Court of New Hampshire is of interest, State v. Staples, 100 N.H. 283, 124 A.2d 187, 189. There a 1955 act of the legislature amended a previous statute by striking out the penalty of the old statute and enacting a more severe penalty. The court held that the 1955 act relating to drunken driving, in so far as it amended the previous statute "by striking out the same", Laws 1955, c. 282 was merely an expedient of legislative draftmanship, and was not intended to repeal but merely to amend such section by striking out former penalty provisions and substituting others, and that defendant, having been convicted under the previous statute describing the

same offense, was properly charged with a second offense.

See also the Kansas case of State ex rel. Griffith v. Anderson, 117 Kan. 540, 232 P. 238, and cases cited, where it was held:

"The phrase 'this act' in an amended section of a statute ordinarily refers to the original as well as to the amending act."

In other words, the court said: "An amendment to a section of a statute is regarded as incorporated into the original act and becoming a part of it."

For the reasons stated, the judgment appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.