Richard Eugene **PUTNAM**, Plaintiff In Error,

v.

The **STATE** of Oklahoma, Defendant In Error.

No. A–12488.

Criminal Court of Appeals of Oklahoma.

Nov. 6, 1957.

Robert H. Neptune, Bartlesville, for plantiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Richard Eugene Putnam, hereinafter referred to as the defendant, was charged by information in the District Court of Washington County with the crime of driving a motor vehicle while under the influence of intoxicating liquor after having been previously convicted of the same crime in 1952; thereby prosecuted in the case at bar for a felony by virtue of second and subsequent offense. A jury was waived and said cause tried to the court who found the defendant guilty and assessed his punishment at one year in the state penitentiary and to pay a fine of $1.

The defendant appeals upon the sole proposition that the court erred in not sustaining the defendant's demurrer to the information on the grounds that the court was without jurisdiction of the subject matter in that there had been no subsequent offense under the 1955 drunk driving act. It is conceded by the defendant that he plead guilty to drunk driving in 1952 but contends that said conviction was previous to the enactment of the 1955 Act and consequently, could not be said to be the basis for a subsequent offense prosecution.

This court has recently passed upon this question in two cases, Dollie v. State, 316 P.2d 208, 212, and Miller v. State, 316 P.2d 203, 204. In the Dollie case this court said:

"The Act of 1955 did not create or define a new or independent crime, but said statute describes circumstances wherein one found guilty of driving a motor vehicle while intoxicated may be more severely punished because of a previous conviction."

In the Miller case, supra, this court said:

"S.L. 1955, P. 263 (47 O.S.Supp. 1955 § 93), prescribing heavier punishment on a second conviction for violation of provisions of 'this Act', comprehends a prior conviction under the Act, 47 O.S.1951 § 93, amended, as it expressly in heading amends section 93 of title and does not merely refer to prior conviction under S.L. 1955 P. 263, 47 O.S.Supp.1955 § 93."

In view of the fact that this question is thoroughly discussed in the two cases herein cited, it is unnecessary to lengthen this decision with additional comment and in accordance with said decisions, the judgment appealed from is affirmed.

BRETT, P. J., and POWELL, J., concur.