STATE OF IOWA, appellee, v. ROBERT A. FISK, appellant.

No. 49038.

(Reported in 83 N.W.2d 581)

June 4, 1957.

Robert A. Fisk, pro se.

Norman A. Erbe, Attorney General, Freeman H. Forrest, Assistant Attorney General, and William Pappas, County Attorney, for appellee.

THOMPSON, J.—The defendant, having been indicted for the crime of larceny of property of the value of more than $20 and as a habitual criminal, was convicted upon jury trial. Judgment was rendered on the verdict and defendant was sentenced to confinement in the state penitentiary for a term of forty years. His appeal raises various questions.

I. Section 747.1 of the 1954 Code, defining habitual criminals, is set out herewith:

"747.1 Third conviction of felony.

"Whenever any person has been twice convicted of either of the crimes of burglary, robbery, forgery, counterfeiting, larceny where the value of the property stolen exceeded twenty dollars, or of breaking and entering, with intent to commit a public offense, any dwelling house, office, shop, store, warehouse, railroad car, boat, vessel, or building, in which goods, merchandise, or valuable things, were kept for use, sale, or deposit, or has been convicted of two or more of said crimes, and shall thereafter be convicted of any one of such crimes, committed after such conviction, he shall be imprisoned in the penitentiary for any term not more than forty years, provided such former judgments shall be referred to in the indictment, stating the court, date, and place of rendition."

In view of the first error assigned by the defendant, section 747.4 is also material, and we quote it:

"747.4 Duties of jury and judge.

, "Upon any trial when the indictment refers to former convictions of the defendant, the jury, if it finds the defendant guilty, and the court, if the defendant is convicted on a plea of guilty, must also find and determine specially whether the defendant had previously been convicted of either of the crimes referred to in the indictment, and the number of times so convicted."

The indictment against the defendant first alleged that he had committed the crime of larceny of property of the value of more than $20 by stealing certain watches and clothing from Joe Horstman on a date between January 17 and January 22, 1956. The indictment further charged that the defendant had been convicted of breaking and entering in Linn County on September 21, 1948, and of the same crime in Franklin County on August 5, 1933; in violation of section 747.1, supra, the Iowa habitual criminal statute.

These prior offenses were proved upon the trial, as a part of the State's main case. Defendant seems to complain that this procedure was in some way unfair to him. He concedes that when the proof of the previous offenses was introduced, the State had made a prima-facie case of larceny. He does not contend that the proof of the prior offenses was insufficient; rather, his grievance seems to be that there was too much of it, or at least too much in the wrong place. It is not surprising that defendants in cases where prior convictions are pleaded and proven under habitual criminal or similar statutes are not often pleased with such procedure. It may be that such proof tends to convince the jury that the defendant is not an upright citizen, and so makes his conviction on the primary charge more likely. But this is one of the handicaps imposed by the statutes. We have quoted above section 747.1, requiring the setting out of prior convictions in the indictment if a more severe punishment is to be inflicted, and section 747.4, imposing upon the jury the duty of finding whether the defendant had in fact suffered previous convictions, if "the indictment refers to former convictions". This leaves the State no means of imposing additional

punishment under multiple-conviction statutes except by alleging them in the indictment or information and proving them upon the trial. See State v. McGee, 207 Iowa 334, 337, 338, 221 N.W. 556, and cases cited. We have discussed this question and cited authorities in State v. Eichler, the opinion in which is handed down at this same sitting of the court. See State v. Eichler, 248 Iowa 1267, 83 N.W.2d 576. It is true the defendant here does not make the claim of duplicity, as was done in the Eichler case, but many of the authorities there cited are directly in point. Both by statute and the great weight of authority the procedure adopted was proper, and required.

It being established that proof of the prior convictions is not only a proper but a necessary part of the State's case in chief, the order of presentation of evidence is very largely within the discretion of the trial court. State v. Smith, 129 Iowa 709, 713, 106 N.W. 187, 4 L. R. A., N. S., 539, 6 Ann. Cas. 1023. The question is not whether the evidence of prior convictions was prejudicial, but whether it was erroneously prejudicial. We hold it was not.

II. Next, the defendant complains that error was committed in the admission in evidence of a certain Wittnauer wrist watch. Joe Horstman testified that he lived on a farm in Cerro Gordo County; that on January 22, 1956, he discovered certain articles of clothing and some watches missing from his home; and that the only time anything could have been taken from his premises was on the afternoon of January 21, 1956. This was the only time that no one was in the house between January 17, 1956, when the clothing and watches were last observed, and January 22, 1956, when they were discovered to be missing.

On January 28, 1956, Highway Patrolman Orval Beaman arrested the defendant in Story County. The defendant was in possession of an automobile the license plate numbers of which had been given to the patrol officers as those of a stolen car. When the car was searched the clothing and other articles missing from the Horstman home were found in it; at least, Horstman identified them as his. The watch in question was not found, but in the defendant's billfold was a ticket issued by a pawnshop in Radcliffe, Kentucky. It appears from the evi-

dence that when this ticket was presented at the pawnshop the Horstman Wittnauer watch was redeemed. The watch was returned and was admitted in evidence at the trial.

It is true much of the evidence regarding the investigation concerning the property covered by the pawn ticket was hearsay; but there was no proper objection to most of it. Further, the defendant admitted pawning a watch in the shop in Radcliffe, his story being that he had purchased it and some of the Horstman clothing in West Memphis, Arkansas, from an acquaintance of his former penitentiary days, named Rolland.

■■ We think there was sufficient evidence, either competent or, if hearsay, not excluded by proper objection, to connect the pawn ticket found in the defendant's billfold with the watch redeemed by the ticket from the Kentucky pawnshop. Again, there is the testimony of Horstman that the watch disappeared from his home at the same time as the clothing; and the clothing was found in the possession of the defendant. Even if the watch had not been located the jury would have been entitled to draw an inference that it was taken by the same party who stole the other articles from the Horstman home. The trial court has considerable latitude in determining the admissibility of demonstrative evidence. State v. Williams, 245 Iowa 494, 505, 62 N.W.2d 742, 748; State v. Triplett, 248 Iowa 339, 350, 79 N.W.2d 391, 397, 398; State v. Shilinsky, 248 Iowa 596, 600, 81 N.W.2d 444, 447, and cases cited.

■ III. Error is assigned upon the ruling of the trial court which permitted the witness Lemke to answer a leading question. The only objection shown by the record is: "Object to as not proper, incompetent, irrelevant and immaterial." This is not a specific objection to the question as leading and raises no question of error. Nor would we say the court abused its considerable discretion in ruling, on evidence, even if a proper objection had been made. State v. Mabrey, 245 Iowa 428, 432, 60 N.W.2d 889; State v. Fahey, 201 Iowa 575, 576, 207 N.W. 608.

■ IV. Complaint is made because the trial court refused to allow the defendant, in testifying to a purported conversation with the county attorney, to state what he was told concerning

the length of the sentences provided for larceny, and for habitual criminals. It appears from the testimony of a deputy sheriff that on one occasion the defendant proposed to the prosecuting attorney that if permitted to plead to the lesser offense, he might be able to help Mrs. Horstman recover an heirloom watch she had lost in the theft; and he would go to California and never bother the Iowa authorities again. The officer said the county attorney refused to consider this arrangement, but told the defendant he must stand trial as a habitual criminal. The defendant, when he took the stand, was permitted to give his version, which, not surprisingly, varied considerably from that of the deputy sheriff. He said that the county attorney proposed to him that he might plead guilty to the lesser offense of larceny, but he refused to do so. The court ruled that he might not testify as to what was said in the conversation concerning the time of the sentences provided for larceny and under the habitual criminal statutes; that is to say, he was not permitted to repeat what was told him about the length of the sentences that might be imposed.

The court applied the rule that the matter of punishment is not for the jury; it has ordinarily no concern with the sentence, its only function being to say from the evidence and the law given it by the court whether the defendant is guilty or not guilty. Defendant here urges that it was all a part of a conversation, which was related first by the State; and that he was entitled to have the entire conversation in evidence. It is evident, even if he is technically correct, that no prejudice resulted. He did not accept what he contends was the prosecuting attorney's offer; he made no admissions or confessions on the strength of it, or because of any threats. The State's evidence is that he made the proposition asking leniency, and it was refused. His own evidence is that the State made the offer, and he refused. We are unable to determine that any harm was done to defendant's case by the court's ruling.

■ V. The State was permitted to cross-examine the defendant upon the matter of his previous convictions. He predicates error upon these rulings. There is no merit in his contention. State v. Shepard, 247 Iowa 258, 264–267, 73 N.W.2d 69, 72, 73, 74.

VI. The defendant testified that he was not in the State of Iowa at any time during the period from January 17 to January 22, 1956, inclusive. This was the crucial time involved in the case, since the witness Horstman said the stolen property must have disappeared from his home during those days, and in fact he thought it must have been on January 21. The defendant having thus denied his presence in the State of Iowa, the State in rebuttal introduced the testimony of Darlene Ubben, a seventeen-year-old girl living on a farm in Cerro Gordo County, who identified the defendant as the same man who entered her home about 1:45 p.m. on January 21. She was alone in the house at the time. Defendant was driving a green Chevrolet car. He knocked at the door. The witness, apparently being in fear, did not answer, but started up the stairs. The defendant entered the house, walked around downstairs and started upstairs, but then turned and went back down and left the house. The witness testified she saw him clearly and positively identified him as the defendant then on trial.

Defendant's complaint here is that the evidence tends to show him guilty of another and unrelated crime, apparently that of breaking and entering the Ubben home. The testimony was proper. It directly rebutted defendant's statement that he had not been in Iowa on the date in question. The witness was entitled to testify that she saw him, and under what circumstances.

We have examined the record in the case and find no prejudicial error.—Affirmed.

All Justices concur.