DARRELL E. COPENHAVER, appellant, v. JOHN E. BENNETT, Warden, Iowa State Penitentiary, appellee.

No. 50620.

(Reported in 116 N.W.2d 495)

JULY 24, 1962.

REHEARING DENIED SEPTEMBER 18, 1962.

Darrell E. Copenhaver, appellant, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for appellee.

THORNTON, J.—Petitioner, who was defendant in State v. Copenhaver, Iowa, 110 N.W.2d 333, filed a petition for a writ of habeas corpus in the Lee District Court. He alleges in his petition that he is unlawfully restrained of his liberty by defendant. The trial court, being of the opinion the petition showed on its face petitioner was not entitled to the relief demanded, refused to allow the writ. We agree.

Petitioner was informed against as a habitual criminal under section 747.1, Code of Iowa, 1958, in Madison County. The primary offense charged was a violation of section 708.8, Code of Iowa, 1958. Prior offenses were alleged. He was acquitted of being a habitual criminal, but convicted of violating section 708.8. We affirmed this conviction. State v. Copenhaver, supra.

Petitioner's contention is that the judgment of conviction and sentence are void because evidence of prior convictions was introduced at his trial. Because of this he contends the trial court was without jurisdiction to sentence him. His argument is difficult to follow. The authorities cited by him do not relate to prosecution under habitual criminal statutes.

It is not only proper, but necessary, to introduce evidence of prior convictions in prosecutions pursuant to section 747.1. Section 747.3, Code of Iowa, 1958, and State v. Bolds, 244 Iowa 278, 55 N.W.2d 534.

Insofar as petitioner's complaint bears on the admission of evidence it could have been urged on appeal. Habeas corpus is not available for that purpose. Meeks v. Lainson, 246 Iowa 1237, 71 N.W.2d 446.—Affirmed.

All JUSTICES concur.