UNITED STATES of America ex rel., George CLAYBORN, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 14204.

United States Court of Appeals Seventh Circuit.

Jan. 8, 1964.

Ronald M. Glink, Chicago, Ill., George Clayborn, pro. per., for appellant.

William G. Clark, Atty. Gen., Edward Berman, Asst. Atty. Gen., Chicago, Ill., William C. Wines, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

PER CURIAM.

Petitioner's appeal from an adverse ruling in a habeas corpus proceeding raises the question: whether the district court was required to hold an evidentiary hearing on the allegation that his constitutional rights were violated in that a coerced confession was used in his conviction; his "illiterate" and unsound mind resulted in inability to understand the nature of the charge against him; and he was represented by incompetent counsel. We think the answer is no.

Petitioner pled guilty to murder in October, 1948, and was sentenced to life imprisonment. In a post-conviction proceeding before the sentencing judge in 1955, issues of fact upon the same questions now raised were decided adversely to petitioner. Writ of error was denied him by the Illinois Supreme Court. Certiorari was denied him by the· United States Supreme Court.[1]

We have read the entire record which includes the Illinois Supreme Court opinion, and the transcript of proceedings at the post-conviction hearing which includes the judgment of conviction and excerpts from testimony. Ten witnesses, including the attorneys at the original trial, testified at the post-conviction hearing. Petitioner was represented by counsel. The court was careful to direct counsel to examine petitioner with respect to his various claims. It heard a play-back of the record of petitioner's confession on a "Sound scriber." The record of petitioner's arraignment was introduced showing that he was advised of the consequences of his plea and the trial court's finding that he "understands and comprehends" the nature of the charge against him; and there was introduced the transcript of his testimony

subsequently in a separate mitigation hearing.

We see no merit in the contention that petitioner did not receive a "full and fair" hearing upon the points made in this petition for habeas corpus, or that these issues were not "actually reached and decided," as required by Townsend v. Sain, 372 U.S. 293, 313–314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

We find no basis for petitioner's claim that the record shows that he received inadequate representation at his trial, thus requiring the district court's hearing evidence on the issue.

We appointed Attorney Ronald M. Glink, a member of the bar of Illinois, to represent petitioner. Mr. Glink's service was in the highest tradition of the American bar. We commend him on his services.

Judgment is affirmed.

---

1. Clayborn v. Illinois, 364 U.S. 874, 81 S.Ct. 118, 5 L.Ed.2d 96 (1960).