UNITED STATES of America ex rel. Mac TANNER, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.

Nos. 13748, 14243.

United States Court of Appeals
Seventh Circuit.

March 3, 1964.

Certiorari Denied May 18, 1964.

See 84 S.Ct. 1347.

---

———◇———

Max Tanner, pro se.

William G. Clark, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., for appellee.

Before CASTLE, KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

Petitioner, represented by court-appointed counsel, on February 23, 1956, in the Criminal Court of Cook County, entered his plea of guilty to a charge of murder and was sentenced to prison for a term of thirty years, which he is now serving. Petitioner did not appeal from his judgment of conviction for the reason, so he alleges, that he did not possess the requisite skill or knowledge.

Petitioner has sought on numerous occasions in the District Court to obtain his release by way of habeas corpus. A proceeding in the District Court, No. 60–C–

1947, was dismissed December 23, 1960, and another, No. 61–C–1606, was dismissed October 17, 1961. Appeals were taken from both of these dismissals, which were consolidated in this Court by order of June 26, 1963, and designated No. 13748. This court granted petitioner certificates of probable cause and allowed him sixty days within which to file typewritten briefs. Petitioner filed no briefs and apparently abandoned these appeals (consolidated here), although they are still pending.

On March 20, 1963, petitioner filed in the District Court another petition for writ of habeas corpus, which was dismissed April 29, 1963. Petitioner again was granted leave to appeal in forma pauperis, was granted a certificate of probable cause and the instant appeal, No. 14243, was consolidated with No. 13748. Petitioner in all his numerous habeas corpus efforts has appeared pro se, both in the District Court and here, and all dismissals by the District Court have been without an evidentiary hearing.

On July 5, 1963, petitioner filed in this Court a document consisting of 31 pages, a portion of which was by order permitted to stand as his brief. Petitioner also was directed to file an appendix to his brief consisting of material excerpts from the trial transcript. This he has attempted to do.

Petitioner makes a prolix presentation, creating much confusion and uncertainty. He alleges a deprivation of his constitutional rights by almost every person with whom he has come in contact from the time of his arrest to the present, including prison officials. The allegations made in his petitions follow the same pattern. Some of his charges are scandalous, many are incredible, and more are mere conclusions. For our present purpose we think it is fair to state that the only Federal constitutional issue raised by petitioner resides in his charge that he was forced to confess to the crime of murder by physical coercion and compelled to plead guilty to such crime as a result of a conspiracy among the Prosecuting Attorney, the Public Defender who repre-

sented him and the Trial Judge before whom he entered his plea. In this connection he asserts that he was threatened with the death penalty or 199 years in prison if he refused to admit his guilt. The appendix of the trial transcript submitted by petitioner throws no light on this charge.

As noted, petitioner took no appeal from the judgment of conviction; however, upon his petition, a hearing under the Illinois Post-Conviction Act was had in the Cook County Criminal Court. As to this petition, he here alleges that it "was shamefully heard in an empty courtroom on the nights of April 24, 1958 and April 29, 1958, and was dismissed by the Court, without the States Attorney's recommendation, on April 29, 1958." It is to be noted that he makes no contention but that the Court heard and decided the same issues which are raised here. Furthermore, petitioner alleges that from the order of dismissal he applied to the Supreme Court of Illinois for a writ of error, which was dismissed on November 26, 1958, "after a so-called review of the fragmentary trial court's record," and that certiorari was denied by the Supreme Court of the United States at its October Term, 1958, Tanner v. People of State of Illinois, 359 U.S. 1013, 79 S.Ct. 1151, 3 L.Ed.2d 1038.

Petitioner attaches to his petition a copy of the order entered by the Illinois Supreme Court on November 26, 1958, denying his application for writ of error. In this order (not published), the Court sets forth in detail the allegations contained in the petition (substantially the same as those made here), as well as the testimony in that hearing. In particular it sets forth the testimony of the officer who was alleged to have made threats and promises, as well as that of petitioner's court-appointed counsel and the Assistant States Attorney who represented the State at the time of petitioner's plea. The Court stated, "We believe that the trial court properly held that petitioner failed to establish these charges by a preponderance of the evidence," and "We have carefully reviewed the record and

find that the trial court properly denied any relief on this petition."

The District Court in the instant matter was empowered under Townsend v. Sain, Sheriff, et al., 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, to grant petitioner a hearing, but in view of the allegations made was not under a mandatory duty to do so. In United States ex rel. Clayborn v. Pate, Warden, Illinois State Penitentiary, 7 Cir., 326 F.2d 402, we were confronted with a situation similar to that here. There, an order denying an evidentiary hearing on a petition for habeas corpus was affirmed.

We hold that the orders of dismissal in Cases Nos. 13748 and 14243 were proper. They are

Affirmed.