**UNITED STATES of America ex rel. Edward ABAIR, Appellant,**

v.

**Walter H. WILKINS, Warden, Attica State Prison, Attica, New York, Appellee.**

No. 493, Docket 28261.

United States Court of Appeals Second Circuit.

Argued June 4, 1964.

Decided June 11, 1964.

Leon B. Polsky, New York City (Anthony F. Marra, The Legal Aid Society, on the brief), for appellant.

Barry Mahoney, Deputy Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., and John DeWitt Gregory, Asst. Atty. Gen., of counsel), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

In his petition for a writ of habeas corpus, Abair contends that a 1927 con-

viction of robbery, employed as the predicate for his present recidivist sentence, was entered in the absence of counsel.[1] Finding that petitioner's allegations were afforded a "full hearing on the merits" in a 1957 state *coram nobis* proceeding, the District Court denied the petition on the basis of the state court record. On appeal, petitioner insists that the Supreme Court's subsequent decision in Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963), requires a hearing *de novo* in the federal habeas court, and urges us to remand the case for this purpose.

After examining the record, we have concluded that a federal hearing was not required, and we affirm. As is customary with most contested proceedings, the evidence presented to the state court was not without its contradictions. But the state factual determination, made by Judge Joyce, was fully supported by the record as a whole. Thus, four contemporaneous writings—the back of the indictment, the district attorney's work sheet, the clerk's minutes, and a probation report—all indicated that Abair had, in fact, been assisted by court-appointed counsel. In short, the state's determination which we find reliable, was entered only after a full and fair hearing; Townsend requires no more. In the words of that opinion, when the District Court "concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the [state] hearing." 372 U.S. at 318, 83 S.Ct. at 760. Especially where, as here, the petitioner has failed to indicate that a federal hearing might develop material facts which were not revealed in the state proceed-

---

1. Abair was convicted in 1927 on a plea of guilty to robbery in the second degree, and in 1936, of attempting to carry a dangerous weapon after a prior conviction. These two felony convictions form the basis of his present third-offender sentence, imposed in 1954. If his challenge to the 1927 conviction were upheld, not only would that conviction be unavailable as a predicate for multiple felony offender treatment, but the 1936 weapons charge would be reduced to a misdemeanor. Abair might then be re-sentenced as a first felony offender on the 1954 robbery conviction, for which the maximum sentence is ten years.

ings, the denial of an evidentiary hearing is plainly within the discretion of the District Judge. United States ex rel. McNerlin v. Denno, 324 F.2d 46 (2d Cir. 1963).

Affirmed.