James **ROWAN**

v.

**STATE OF LOUISIANA and H. L. Hanchey, Warden, Louisiana State Penitentiary.**

No. 778.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Feb. 17, 1965.

600

---

James Rowan, in pro. per.

Jack P. F. Gremillion, Atty. Gen., of Louisiana, Jodie W. Stout, Asst. Atty. Gen., Thomas W. McFerrin and Knight E. Doggett, Sp. Counsel, Baton Rouge, La., for respondents.

WEST, District Judge.

This is an application for the issuance of a writ of habeas corpus. Petitioner, James Rowan, is presently incarcerated in the Louisiana State Penitentiary, serving a nine year sentence after having been found guilty of simple burglary by a jury, and subsequently sentenced by a State Court of competent jurisdiction. During his trial, petitioner was ably represented by a court-appointed attorney who, in the course of the trial, reserved many bills of exception to various rulings of the Court. Following his conviction and sentence, petitioner, through his attorney, perfected an appeal to the Louisiana State Supreme Court, which Court affirmed the conviction and sentence. State v. Rowan, 246 La. 38, 163 So.2d 87.

Having thus exhausted available State Court remedies, petitioner turned to this. Court and filed this application for a writ. of habeas corpus.

Upon receipt of petitioner's application, a show cause order issued to respondents ordering them to show cause, if any they could, why the writ should not be issued as prayed for. Respondents answered with a motion to dismiss, accompanied by a copy of the entire transcript of the proceedings had against petitioner in the State Trial Court. The record, as thus constituted, was then taken under advisement by this Court to determine whether or not petitioner was entitled to an evidentiary hearing herein. A review of the record in this matter, including a review of the opinion rendered by the Louisiana State Supreme Court in State v. Rowan, supra, precludes the necessity of holding an evidentiary hearing herein.

The petitioner alleges in his application that his constitutional rights have been violated in the following respects: (1) He contends that his automobile was illegally searched by police officers in Hattiesburg, Mississippi, without a search warrant, and that a pistol was illegally sized therefrom; (2) He was illegally taken into custody; (3) His motion to suppress the use of the illegally seized pistol as evidence during his trial was. improperly denied by the Trial Court; (4) An oral confession made by him was improperly admitted into evidence during his trial; (5) He was charged by a defective bill of information; (6) Certain police officers lied when giving their-

testimony during the trial; and (7) There was a juror on the jury who should have been excused because of prejudice.

The United States Supreme Court, in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, has ordained that where the facts are in dispute, the Federal District Court, on habeas corpus, must hold an evidentiary hearing if the applicant for habeas corpus did not receive a full and fair evidentiary hearing in a State Court. The Supreme Court further held in Townsend that:

> " * * * a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

Additionally, the Supreme Court in Townsend decreed that the Federal Court must not exclude the possibility that the Trial Judge really believed facts which showed a deprivation of constitutional rights, and yet deliberately denied petitioner relief. And finally, the Supreme Court held that the duty of the Federal Court to try facts anew exists in every case in which the State Court has not, after a full hearing, reliably found the relevant facts.

■■ After taking full cognizance of all of these admonitions, this Court concludes that petitioner is not entitled to an evidentiary hearing in this case. First of all, there are no disputed issues of fact involved. At the original trial of this case, and at the hearing on appeal before the Louisiana State Supreme Court, all of the facts upon which petitioner now relies for relief were presented, uncontradicted, and argued, and after having been thoroughly considered by the State Supreme Court, relief was denied. Relief must again be denied by this Court on the ground that petitioner has shown no deprivation of constitutional rights when the entire case is considered on the facts as alleged by petitioner and uncontradicted by respondents. Every contention presently made by petitioner was presented to the Judge of the State Trial Court, and to the State Supreme Court, and after a thorough and exhaustive examination of the entire transcript and the record in this case, this Court is unable to say that the rulings adverse to petitioner handed down by the Louisiana State Supreme Court were in any way improper or erroneous. The published opinion of the Louisiana State Supreme Court, found in 163 So.2d 87, covers each contention presently made by petitioner, and the conclusions therein arrived at by that Court are concurred in now by this Court. All of petitioner's contentions were individually and fairly considered by the Louisiana State Supreme Court, and each of these contentions have now been independently considered by this Court, taking all of the facts as asserted by petitioner to be true. Petitioner's constitutional rights in every instance were conscientiously protected by the Trial Judge, and this Court can find no evidence of deprivation of petitioner's rights before, during, or after his trial. For these reasons, and for the reasons assigned by the Louisiana State Supreme Court in State v. Rowan, 163 So.2d 87, respondent's motion to dismiss must be granted, and petitioner's application for the issuance of a writ of habeas corpus must be denied.

Judgment will be entered accordingly.