STATE OF IOWA, appellee, v. JOSEPH SAMUEL GRIFFIN, JR., appellant.

No. 51568.

(Reported in 135 N.W.2d 77)

MAY 4, 1965.

Mason, Schroeder & Allison, of Mason City, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Phillip N. Norland, Worth County Attorney, for appellee.

THORNTON, J.—Defendant has been convicted of the crime of operating a motor vehicle while in an intoxicated condition, third offense, and sentenced accordingly. Section 321.281, Code of Iowa, 1962.

In presenting this appeal defendant's court-appointed counsel has fully abstracted the record and advised us in oral argument he could find no grounds for appeal other than the one presented, which was not raised at the trial. As requested, and as directed by section 793.18, Code of Iowa, 1962, we have carefully examined the record and find no error. There is sufficient evidence to sustain the verdict and there is no error in the instructions, unless of course the matter presented is so considered.

I. The contention made for reversal is, the trial court erred in permitting the county attorney to read that part of the information which related to defendant's prior convictions for operating a motor vehicle while intoxicated at the outset of the trial and in giving instruction No. 1 stating the contents of the information which included the prior convictions. It is contended reading the information including the prior convictions at the commencement of the prosecution destroys the impartiality of the jury to such an extent defendant is denied due process under the federal constitution. And, that in such manner defendant's character and previous criminal record are placed in issue at the outset of the trial in violation of the rule that defendant's reputation may not be placed in issue until such time as it is raised by the defendant himself.

The practice followed by the trial court has been held proper in recidivist cases since the enactment of chapter 109, Twenty-seventh General Assembly, in 1898 (now sections 747.1–747.4

inclusive, Code of Iowa, 1962) and the enactment of chapter 72, section 24, by the Thirty-fourth General Assembly, in 1911 (now section 321.281, Code of Iowa, 1962).

Section 747.1 requires prior convictions to be referred to in the information or indictment. Section 747.4 requires the jury, on a plea of not guilty, to find and determine whether the defendant has been previously convicted as alleged. Section 780.5, Code of Iowa, 1962, requires the information be read to the jury as the first order of the trial. This practice has been uniformly followed in cases under section 321.281. We have uniformly held the prior convictions must be stated in the information and proved beyond a reasonable doubt before the more severe penalties may be imposed. State v. Eichler, 248 Iowa 1267, 1270, 83 N.W.2d 576; State v. Fisk, 248 Iowa 970, 83 N.W.2d 581; State v. Gardner, 245 Iowa 249, 61 N.W.2d 458; State v. Barlow, 242 Iowa 714, 46 N.W.2d 725; and Copenhaver v. Bennett, 254 Iowa 136, 116 N.W.2d 495, certiorari denied 373 U.S. 242, 83 S. Ct. 1295, 10 L. Ed.2d 410.

The trial court should, as it did in this case, instruct the jury the evidence of prior convictions is not to be considered in determining the defendant's guilt of the primary crime. It is not proper to instruct on the prior convictions if proof thereof is insufficient. State v. Smith, 129 Iowa 709, 715, 106 N.W. 187, 4 L. R. A., N. S., 539, 6 Ann. Cas. 1023. Likewise, where the defendant admits the prior convictions it is not proper or necessary to instruct thereon or include such prior convictions when reading the information or indictment to the jury at the commencement of the trial. It is improper to present an issue that is conceded.

II. Defendant asks us to reverse the conviction and adopt a procedure for practical purposes identical with the procedure provided in House File 565, chapter 444, now under consideration by the Sixty-first General Assembly. The procedure proposed is simply that the portion of the information or indictment referring to prior convictions not be read or otherwise be presented to the jury until they have reached a verdict on the primary offense. If the jury finds the defendant guilty of the primary offense, then the same or another jury at the

discretion of the trial court is impaneled to determine the issue or issues arising on the prior convictions if the defendant does not plead guilty to such. Then sentence and judgment are entered as prescribed. See State v. Ferrone, 96 Conn. 160, 175, 113 A. 452, 457, where the Connecticut court adopted a procedure similar to that prescribed by statute in England.

A majority of the members of this court are of the opinion the proposed procedural change, while meritorious and representing the modern view on proper procedure in these cases, should not be made by us while the General Assembly is considering corrective legislation similar to that adopted by statute in a number of states. This view is based not only on the General Assembly's present consideration of the problem but because a question of denial of due process is not reached.

In the cases cited by defendant, only two hold the reading to the jury of that portion of the information relating to prior convictions destroyed the impartiality of the jury and denied the defendant due process of law. Lane v. Warden, Maryland Penitentiary, 320 F.2d 179, 187 (4 Cir. 1963); and State v. Sayward, 63 Wash.2d 485, 387 P.2d 746, 751. The other cases cited by defendant all base the decision not on a denial of due process but because of the possible prejudice to the defendant in placing the prior convictions before them at the outset of the trial. The reason for decision in these cases is the rights of the defendant to a fair and impartial trial are better protected, both prejudice and sympathy are effectually eliminated. State v. Ferrone, 96 Conn. 160, 174, 113 A. 452, 457; State v. Johnson, 86 Idaho 51, 383 P.2d 326, 332 (that a number of cases hold there is no prejudice, see State v. Johnson, supra, at page 330 of 383 P.2d, e.g., People v. Lawrence, 390 Ill. 499, 61 N.E.2d 361); State v. Stewart, 110 Utah 203, 171 P.2d 383, 386; Heinze v. People, 127 Colo. 54, 253 P.2d 596, 599; and Harris v. State, 369 P.2d 187, 195 (Okla. Cr. 1962).

In Oler v. State, 378 S.W.2d 857, the Court of Criminal Appeals of Texas refused to follow Lane v. Warden, Maryland Penitentiary, supra, and concluded a change in procedure should come from the legislature.

The Fifth Circuit Court of Appeals in Breen v. Beto, 341

F.2d 96, 97 (1965), has refused to follow Lane v. Warden, Maryland Penitentiary, supra, in the denial of due process argument, saying of the Lane case, "We are of the firm view that that case was not well decided and that the correct view of the law is otherwise."

So far we are not confronted with the situation as the Oklahoma court in Harris v. State, supra, page 192 of 369 P.2d, where the legislature rejected corrective legislation in this field. The court there assumed the failure of the legislature to act was due to a failure to grasp the principle therein rather than hostility to such procedure, and did prescribe procedure in conformity with State v. Ferrone, 96 Conn. 160, 113 A. 452.

Inasmuch as the Sixty-first General Assembly is presently in session (1965) and corrective legislation has been introduced, House File 565, chapter 444, and we are of the view there is no denial of due process of law, we will not at this time prescribe a procedural change. It follows the case must be affirmed.

■ III. Defendant was represented in the trial court by court-appointed counsel. Pursuant to defendant's application for appointment of counsel to present his appeal to this court, we directed the trial court to appoint counsel. The trial court appointed present counsel for this purpose. Such is proper. Sections 775.4 and 775.5, Code of Iowa, 1962; Waldon v. District Court of Lee County, 256 Iowa 1311, 130 N.W.2d 728; Lane v. Brown, 372 U. S. 477, 83 S. Ct. 768, 9 L. Ed.2d 892; and Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733.

In cases such as this where court-appointed counsel handling the appeal is other than court-appointed trial counsel, the trial court on proper showing being made is directed to allow counsel fees for all of the appellate services as provided in section 775.5, Code of Iowa, 1962. Such fees are payable in the same manner as fees for court-appointed trial counsel.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.