**Paul V. HARRIS, Appellant,**

v.

**Ralph H. TAHASH, Warden, Minnesota State Prison, Appellee.**

**No. 17884.**

United States Court of Appeals
Eighth Circuit.

Dec. 2, 1965.

---

John S. Connolly, St. Paul, Minn., filed typewritten brief for appellant.

Robert W. Mattson, Atty. Gen., of Minnesota, William B. Randall, Ramsey, County Atty., and Henry W. Pickett, Jr., Asst. County Atty., St. Paul, Minn., filed typewritten brief for appellee.

Before VOGEL and MEHAFFY, Circuit Judges, and REGISTER, District Judge.

MEHAFFY, Circuit Judge.

Appellant, Paul V. Harris, appeals from an order of the United States District Court of Minnesota denying his petition for a writ of habeas corpus. The issues presented to us are (1) whether the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), is applicable; and (2) whether the District Court erred in denying Harris' petition without a plenary hearing on his allegations.

The facts are more elaborately related in the affirmance of appellant's conviction by the Minnesota Supreme Court, State v. Harris, 265 Minn. 260, 121 N.W. 2d 327 (1963), and are briefly summarized below.

At 12:45 a.m. on August 2, 1960, Columbia Heights, Minnesota patrolling police officers were attracted to an automobile parked at an odd angle in a residential area. The automobile was diagonal to the street with the rear end pointing into a driveway eighteen to thirty feet from a trailer holding a boat. The lone occupant was sitting in the driver's seat but was looking to the rear, thus arousing the officers' suspicion that an attempt was being made to steal the boat and trailer. The officers stopped to investigate and were advised by appellant that he had become lost while en route to meet a friend at a nearby grocery store and was just "sitting there trying to think it over." A black bag was noticed on the back seat and inquiry was made as to the nature of its contents. Appellant told the officers the bag contained "a bunch of old clothes," but it actually concealed a loaded revolver, a "T" shirt, three red bandana handkerchieves and a blackjack. Appellant was arrested and placed in the police car. A search of the automobile produced another loaded automatic pistol under the front seat, bank books, an extra 1960 license plate, and a key to a room in a Minneapolis hotel.

On December 6, 1960, appellant was convicted in the state court of first degree robbery and received a recidivist sentence for a mandatory term by reason

of two prior felony convictions.[1] The Minnesota Supreme Court affirmed in State v. Harris, supra, and the Supreme Court of the United States denied certiorari, Harris v. Minnesota, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94 (1963).

Appellant's initial habeas corpus application in the Federal District Court was denied for failure to exhaust available state remedies. Thereafter appellant's habeas writ was filed in the Minnesota Supreme Court, but was denied because the issues pressed had been decided in appellant's original appeal.[2]

On August 8, 1964 the District Court again denied appellant's habeas writ without evidentiary hearing, reasoning that the same issues had been fully explored and properly disposed of by the Minnesota Supreme Court. After refusal by the District Court, a certificate of probable cause was granted by this Court on November 27, 1964.

■ The first issue presented is the applicability of Mapp v. Ohio, supra, since appellant's conviction was finalized subsequent to rendition of the decision in Mapp.[3] The Supreme Court of Minnesota recognized the teachings of Mapp but properly did not declare it applicable since from the undisputed evidence, it found probable cause for the arrest, a search and seizure incident to the arrest and, collaterally, that appellant consented to the search.[4]

■ We think the conclusions of the Minnesota Court were correct as it is settled law that a search incident to an arrest based upon probable cause is acceptable. The Supreme Court in Ker v. State of California, 374 U.S. 23, 41, 83 S.Ct. 1623, 1634, 10 L.Ed.2d 726 (1963), stated this principle:

"The doctrine that a search without warrant may be lawfully conducted if incident to a lawful arrest has long been recognized as consistent with the Fourth Amendment's protection against unreasonable searches and seizures. (Citations omitted.) The cases have imposed no requirement that the arrest be under authority of an arrest warrant, but only that it be lawful. (Citations omitted.)"

■■ Before discussing the validity of the arrest, we must determine whether the District Court erred in refusing to canvass the entire record of appellant's state trial. Appellant contends that under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), he was entitled to a plenary hearing on his allegations. We are convinced that appellant's reliance on Townsend v. Sain, supra, is incorrect. Townsend does not dic-

---

1. The evidence seized in the search of his automobile was used in appellant's conviction. The purse, bank books and hotel key had been taken from a robbery victim by two gunmen cloaked with red bandanas.

2. The Minnesota Supreme Court attached the following memorandum to the order denying Harris' petition for writ of habeas corpus:

   "This is an application for a writ of habeas corpus based substantially on the same grounds as were considered and fully adjudicated in an appeal from the conviction of said relator. The statements made in the petition for a writ of habeas corpus are somewhat misleading, in that they do not set forth the facts as we found them to be in the appeal. The question of consent to search the automobile of relator was thoroughly explored in the appeal, and the transcript of the evidence in the trial shows, without much doubt, that relator consented to an examination of his automobile wherein the evidence concerning the burglary was found. The facts are fully set forth in the court's opinion, found in 265 Minn. 260, 121 N.W.2d 327, certiorari denied, Harris v. Minnesota, 375 U.S. 867, 84 S.Ct. 141, 11 L.Ed.2d 94. No consideration of a petition for a writ of habeas corpus should be made without reading the opinion of this court on the appeal. What relator really wants now is a reconsideration of the same matters that were considered on appeal under the guise of a writ of habeas corpus."

3. Linkletter v. Walker, 381 U.S. 618, 622, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

4. Because of our disposition on other issues, we do not reach the question of consent.

tate that an evidentiary hearing is mandatory in all cases. United States, ex rel. Abair v. Wilkins, 333 F.2d 742 (2nd Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 678, 13 L.Ed.2d 568 (1965); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2nd Cir. 1963); United States ex rel. Clayborn v. Pate, 326 F.2d 402 (7th Cir. 1964); Jackson v. People of State of California, 336 F.2d 521 (9th Cir. 1964). Moreover, appellant neither requested an evidentiary hearing in the District Court nor alleged that any other evidence would be available from further consideration of the trial record. Neither has appellant made any claim of additional or disputed historical facts. The District Court had before it appellant's petition narrating the facts and the testimony of the arresting officers, this being all of the relevant evidence bearing upon the circumstances surrounding the search. The District Court also had available the opinion of the Minnesota Supreme Court which fully detailed the facts in its exploration of the same issue here. We think, therefore, that the District Court was correct in refusing an evidentiary hearing. See Jackson v. California, supra. To the same effect is United States v. Wilkins, supra, wherein the Second Circuit stated:

"[W]here, as here, the petitioner has failed to indicate that a federal hearing might develop material facts which were not revealed in the state proceedings the denial of an evidentiary hearing is plainly within the discretion of the District Judge." 333 F.2d at 743–744.

We also note that appellant applied directly to the Supreme Court of Minnesota for a writ of habeas corpus rather than to the state district court which would have afforded him a hearing to submit additional facts.[5]

An examination of the Minnesota Supreme Court's opinion indicates that correct federal standards were applied in finding probable cause for the arrest. State v. Harris, supra. The District Court concurred and in its memorandum opinion (unpublished), after quoting extensively from the Minnesota Supreme Court opinion, stated:

"The application for a writ of habeas corpus, if granted, would not change what was said and done in the Minnesota courts, and as reviewed by justices of the Supreme Court of the United States before denying the petition for a writ of certiorari."

Appellant would compare the facts of this case with Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) and our opinion in Pigg v. United States, 337 F.2d 302 (8th Cir. 1964). The Minnesota Supreme Court noted Henry, but the facts in that case are dissimilar to those controlling here. All courts, insofar as we know, have held that each such case must be determined on its own facts and circumstances. The Supreme Court has consistently so held. As stated in Pigg, supra, and relied upon by appellant:

"From the teachings of the Supreme Court, it is evident that the key question presented in cases of this nature is whether the information possessed by the arresting officers was sufficient to constitute 'probable cause' as opposed to 'mere suspicion.' This issue, factual in nature, must be resolved from the facts and circumstances of each particular case. (Citations omitted.)" 337 F.2d at 305.

We cannot say here that the Supreme Court of Minnesota and the District Court erred in concluding that the facts and circumstances summarized above were not sufficiently strong to justify a

5. Minn.Stat.Ann. § 589.02 provides:
"Application for such writ shall be by petition, signed and verified by the petitioner, or by some person in his behalf, to the supreme court, or to the district court of the county within which the pe-

titioner is detained. Any judge of the court to which the petition is addressed, being within the county, or, if addressed to the district court, the court commissioner of the county, may grant the writ. * * * "

reasonably cautious police officer to believe appellant was at the time in the act of stealing the boat and trailer.[6]

■■ This is a civil proceeding and the burden is upon appellant to show his entitlement to relief. Beeler v. Crouse, 332 F.2d 783 (10th Cir. 1964). We think appellant received a full and fair hearing in the state court and that he is seeking, by a habeas proceeding, to relitigate those issues asserted in his appeal to the Minnesota Supreme Court. The writ of habeas corpus was never intended to serve any such purpose. Larson v. United States, 275 F.2d 673, 679 (5th Cir. 1960), cert. denied, 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732 (1960).

The District Court was satisfied from all the material before it that the Minnesota Supreme Court gave fair consideration to all issues and reached a correct decision and we find no error.

The order of the District Court denying the petition for writ of habeas corpus is affirmed.

---

6. We said in Schook v. United States, 337 F.2d 563, 565 (8th Cir. 1964), a decision rendered at the same term and subsequent to Pigg, supra:

"Reasonable grounds for suspicion when accompanied by facts or circumstances strong enough to justify a reasonably cautious man to believe the guilt of the suspect, suffice to constitute probable cause necessary for arrest without warrant. The Supreme Court in Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543, 39 A.L.R. 790 (1925) said, 'The substance of all the definitions [of probable cause] is a reasonable ground for belief in guilt.' (Citations omitted.)"