Darrell E. COPENHAVER, Appellant,

v.

John E. BENNETT, Warden, Iowa State Penitentiary, Appellee.

No. 17994.

United States Court of Appeals Eighth Circuit.

Feb. 1, 1966.

Darrell E. Copenhaver, pro se.

Lawrence F. Scalise, Atty. Gen., and Don R. Bennett, Asst. Atty. Gen., State of Iowa, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT and MEHAFFY, Circuit Judges, and MEREDITH, District Judge.

MEREDITH, District Judge.

This is an appeal by Darrell E. Copenhaver, appellant, in forma pauperis from a final order of the district court filed December 23, 1964, denying his petition for a writ of habeas corpus without a hearing. Appellant's primary contention before this Court is that the district court erred in not holding a "full evidentiary hearing", in contravention of the basic rules as to postconviction relief set out in the landmark triology of postconviction cases: Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Appellant was tried in December 1960 in the District Court of Madison County, Winterset, Iowa, on charges of violating § 708.8 (breaking and entering) and § 747.1 (habitual criminal statute) of the 1958 Code of Iowa. He was found guilty

on the breaking and entering charge and acquitted on the habitual criminal charge. He is presently serving a ten (10) year sentence at the Iowa State Penitentiary. His conviction and sentence were affirmed by the Iowa Supreme Court in a per curiam opinion holding that the clerk's transcript revealed no error. State v. Copenhaver, 110 N.W.2d 333 (Iowa 1961). Certiorari was denied by the Supreme Court of the United States, 368 U.S. 806, 82 S.Ct. 117, 7 L.Ed.2d 66 (1961).

In November 1961 appellant filed a motion to vacate judgment and sentence in the District Court of Madison County, Iowa, on the ground that the trial court erred in allowing the introduction into evidence of testimony concerning prior convictions. The trial court refused to entertain this motion. In December 1961 appellant filed a petition for a writ of habeas corpus in the District Court of Lee County, Fort Madison, Iowa. Again, the sole basis of this attack was the introduction of evidence concerning prior convictions. No hearing was held since the Court found this issue should have been raised by appeal, and, at any rate, did not raise a constitutional issue going to the jurisdiction of the trial court. This was affirmed on appeal. Copenhaver v. Bennett, 254 Iowa 136, 116 N.W. 2d 495 (Iowa 1962). A second petition for a writ of habeas corpus was filed in the Lee County District Court in October 1963. This petition attempted to raise issues of the right to effective assistance of counsel and the knowing use of perjured testimony, as well as the issue of the introduction of evidence of prior convictions. The petition was denied. In March 1964 appellant petitioned the Iowa Supreme Court for a writ of certiorari or belated appeal. This petition was denied on the ground that the matters alleged therein had been previously reviewed on a proceeding of the same character.

The petition now under consideration was filed in the United States District Court for the Southern District of Iowa in May 1964. In general, this petition alleges that:

"The circumstances surrounding my prosecution are such as to deprive me of Due Process of Law, and Equal Protection of the Laws, and the RIGHT to a Fair and Impartial Criminal Trial as is Guaranteed by the provisions of the Federal Constitution."

In particular, the petition alleged three factors which allegedly deprived the court which tried him of jurisdiction:

First, appellant again attacks the introduction of evidence as to prior convictions. This action is alleged to violate the Iowa Code of 1958, § 777.17, long standing rules of evidence, the Sixth Amendment right to a fair trial and the Fifth Amendment right "that no person shall be compelled to testify against himself."

Second, it is contended that the presence of listening devices in the Fort Madison county jail deprived him of opportunity to consult with his attorney and prepare a defense.

Third, the petition alleges that the prosecuting officials knowingly procured and used perjured testimony.

■ Appellant's contention as to the introduction of evidence of prior convictions raises a question of law only and we will dispose of it first. This evidence was received in connection with the habitual criminal charge. This issue has been fully and fairly considered by the state courts and a previous order of the United States District Court dated October 1, 1963. It is clear that no constitutional issue as to the fundamental fairness of petitioner's trial is raised by the mere assertion that such evidence was received. Accordingly, we will not further consider this matter.

Appellant submitted a number of affidavits in support of his other two contentions. An Affidavit of one Wayne Cottrell avers that the jail in Winterset, Iowa, was "bugged" and that it was sensitive enough to pick up the sound of a coin being scraped on the floor. An affi-

davit of appellant avers that when his lawyer came to see him at the jail, the lawyer told him not to discuss the case as the jail was "bugged". Further, appellant avers that he never had a chance to discuss the case with his lawyer. In another affidavit, he quotes portions of letters he allegedly received from his wife, such quotes stating that the jail was "bugged", that certain people were being threatened or intimidated and that his retained counsel lacked interest in the case. Finally, there is an affidavit by one Donald Germer that on March 10, 1960, a sheriff of another county tried to get him to implicate Copenhaver in some gun thefts and that on October 10, 1960, a deputy sheriff from Winterset and a state agent offered to get him a parole if he would implicate Copenhaver in gun thefts and would go to Winterset and testify falsely against Copenhaver. This latter information is alleged to corroborate petitioner's contention that the state knowingly procured and used the perjured testimony of one Gaylord Crook. Crook was an accomplice in the crime for which petitioner was convicted, and received a one year suspended sentence.

Since the principal issue before this Court concerns the manner in which the district court ruled on this petition, we will set out in detail the steps taken by the district court. The district court issued a show cause order on June 1, 1964. Following the return, and appellant's reply to the return, the Court directed the appellant to submit additional information as to his reasons for not having raised these issues in timely fashion in the state courts. By order dated July 15, 1964, respondent was directed to provide a copy of the transcript of the trial proceedings, an affidavit from appellant's attorney and an affidavit from the sheriff of Madison County. This order gave the respondent until August 17, 1964, to submit such affidavits and gave the appellant until September 1, 1964, to file "counter-affidavits, submit interrogatories to affiants or file any other material pertinent to the matter now under consideration."

By order dated September 8, 1964, the Court appointed counsel to appear for and assist appellant in these proceedings. The following order was entered on September 17, 1964:

"This matter is now before the Court upon the petition of Darrell E. Copenhaver for the issuance of a writ of habeas corpus. The issues to be decided are:

"1. Whether the facts and evidence upon which the constitutional questions, if any, must be ultimately decided, have been fully brought to light by the petitions, responses and discovery type of documents now on file.

"If the facts are fully and fairly exposed, no evidentiary hearing will be held and the Court will then consider the second issue:

"2. Whether or not the petitioner was deprived of any substantial and basic constitutional right entitling him to appropriate relief,—the issuance of a writ of habeas corpus.

"It Is Ordered that both parties may file written statements or affidavits concerning either issue if there are any matters which are not now of record and which either the petitioner or respondent feel will aid the Court in the resolution of the two questions as heretofore set out, which are to be decided.

"IT IS FURTHER ORDERED that any such documents shall be filed within twelve (12) days from the date of this Order."

By order dated September 25, 1964, the Court extended the time within which appellant might file additional material until October 29, 1964. By letter dated October 21, 1964, appellant's court-appointed counsel reported that he had no further evidence to present and that the matter was ready for decision. Subsequent statements by appellant reiterated his demand for a "full evidentiary hearing", setting forth the names of witnesses he desired to call and asserting

that his court-appointed counsel was not assisting him effectively.

At this stage, the district court determined that no good purpose could be served by pursuing this matter further since the information then before the Court indicated that all relevant facts and evidence had been brought to light. Accordingly, the Court entered an order denying the petition on December 23, 1964. The Court found that the appellant had failed to raise any substantial issue as to effective assistance of counsel. There was no dispute as to the presence of the listening device in the jail. There was no allegation that any conversation or information was picked up on this device nor that any evidence so secured was introduced into evidence. The Court stated:

> "However, Mr. Ward (appellant's attorney) did in fact meet with petitioner upon several occasions prior to trial, and it appears to the Court that the conduct of petitioner's defense generally and the cross examination of state witnesses by Mr. Ward, indicates that he was not prevented from obtaining any information necessary in order to prepare petitioner's defense by reason of the presence of listening devices. In addition, Mr. Ward has an affidavit on file wherein he states that he was able to confer freely with petitioner. It appears to the Court, therefore, that petitioner was accorded the benefit of effective counsel and that he had the proper opportunities to confer with his attorney."

With regard to the assertion that the state knowingly used perjured testimony, the Court found that the petition did not allege facts sufficient to support this allegation. The affidavit of Donald Germer was held irrelevant and insufficient to cast any doubt upon the truthfulness of the testimony of Gaylord Crook because affiant was not a witness at the trial or in possession of any facts from which he could form a belief as to whether false testimony was used against the petitioner. The Court noted that appellant's counsel had vigorously and searchingly cross-examined Mr. Crook at the trial on this issue and concluded:

> "Therefore, this Court will not make a redetermination of the matter in absence of a showing by petitioner that material new facts exist or that certain facts were not adequately developed in the state court trial."

At the outset, we must reiterate once again that the *Townsend* case, supra, does not dictate that an evidentiary hearing is required in all cases. United States ex rel. Abair v. Wilkins, 333 F.2d 742 (2 Cir. 1964), cert. 379 U.S. 977, 85 S.Ct. 678, 13 L.Ed.2d 568 (1965); United States ex rel. Clayborn v. Pate, 326 F.2d 402 (7 Cir. 1964); Jackson v. People of California, 336 F.2d 521 (9 Cir. 1964). The district courts clearly have discretion to utilize reasonable procedures to ascertain whether the claim is substantial before granting a full hearing. Rowan v. State of Louisiana, 238 F.Supp. 599 (E.D.La.1965). The show cause order is one of the means adopted by the courts to accomplish this initial testing of the petition for verity and substantiality. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941). It is also clear that the courts may further refine and test the issues by requiring the submission of affidavits and other documents. See 28 U.S.C.A. § 2246. Of course, ex parte affidavits, standing alone, may not be used to decide substantial disputed questions of fact. But, such material may be used to determine whether any substantial factual issues exist. Wright v. Dickson, 336 F.2d 878 (9 Cir. 1964). Such discretion and flexibility of approach are essential if the courts are to continue to effectively carry out the great purpose of this writ. The governing principle is stated in Sanders v. United States (1963), 373 U.S. 1, l. c. 9, 83 S.Ct. 1068, l. c. 1074, 10 L.Ed.2d 148, quoting from Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 68 L.Ed. 989 (1924):

> " * * * each application is to be disposed of in the exercise of a sound judicial discretion guided and con-

trolled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. * * * "

 Tested by these principles, we can only conclude that the district court procedure below afforded appellant a fair and adequate review of his claims under the facts of this case. The appellant had the burden of proof to show his entitlement to relief by such collateral attack. In this case, the Court allowed appellant a significant amount of time in which to submit additional affidavits, interrogatories and statements of primary fact to support his largely conclusory contention that he could submit evidence to prove his claims. Counsel was appointed to assist him in this regard. Yet, counsel advised the Court that he could discover no further information to submit. Of the eight witnesses appellant specified, three had testified and had been competently cross-examined at the original trial. With regard to the other five, no indication was given as to what testimony they might give which would have any bearing on the issues raised. We note further that Donald Germer, whose affidavit constitutes the only possible ground that might justify further consideration of the charge that perjury was knowingly used, was not named in this list of witnesses. These developments, the affidavits and statements on file, and the transcript of the original trial were, taken together, sufficient to support the Court's conclusion that no further light could be shed on these matters and that appellant's complaints were without substance or foundation. The record which evolved showed that there was no allegation as to any specific way in which trial counsel was ineffective. The trial record showed that counsel had conducted a vigorous defense. Therefore, a "full evidentiary hearing" was not required on this issue. Cain v. United States, 271 F.2d 337 (8 Cir. 1959); Williams v. State of New Jersey, 230 F.Supp. 316 (D.N.J.1964). The entire record also disclosed that the claim that the prosecution had knowingly procured and used perjured testimony also lacked substantiality in fact.

Having considered the entire record and the contentions of petitioner-appellant, and being convinced that fair and proper consideration was given his petition in the Court below, the decision of that Court is affirmed.